*(handwritten annotations: "From Dauphin Co." ... "Summon Issued w/N( at H/C to Atty" ... "J. Kane NBG")*

The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania  17108-0808
(717) 238-4286
        By:  SPERO T. LAPPAS, Esquire
             Pa. Supreme Court identification no. 25745
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,
        PLAINTIFF
        v.


1:CV 01-0206

SCOTT BROWN,                            :   CIVIL ACTION
individually
and in his official capacity           :   JURY TRIAL DEMANDED
as an employee and agent of            :
the PENNSYLVANIA STATE POLICE          :   JUDGE
        Defendant                      :
                                       :
PAUL EVANKO,                           :
individually                           :
and in his official capacity           :
as an employee and agent of            :
the PENNSYLVANIA STATE POLICE          :
        Defendant                      :
                                       :
BERON F. STEAGER,                      :
individually                           :
and in his official capacity           :
as an employee and agent of            :
the PENNSYLVANIA STATE POLICE          :
        Defendant                      :
                                       :
BARRY L. BRINSER,                      :
individually                           :
and in his official capacity           :
as an employee and agent of            :
the PENNSYLVANIA STATE POLICE          :
        Defendant                      :
                                       :
JOHN DOE 1,                            :
individually                           :
and in his official capacity           :
as an employee and agent of            :
the PENNSYLVANIA STATE POLICE          :
        Defendant                      :
                                       :
JOHN DOE 2,                            :
individually                           :
and in his official capacity           :
as an employee and agent of            :

FILED
HARRISBURG

FEB 1 2001

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

the PENNSYLVANIA STATE POLICE          :
    Defendant                          :
                                       :
JOHN DOE 3,                            :
individually                           :
and in his official capacity           :
as an employee and agent of            :
the PENNSYLVANIA STATE POLICE          :
    Defendant                          :
                                       :
JOHN DOE 4,                            :
individually                           :
and in his official capacity           :
as an employee and agent of            :
the PENNSYLVANIA STATE POLICE          :
    Defendant                          :

## COMPLAINT

AND NOW comes the PLAINTIFF by and through The Law Offices of
SPERO T. LAPPAS, and makes this COMPLAINT against the above named
Defendants.

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____
    SPERO T. LAPPAS, Esquire
    ATTORNEYS FOR THE PLAINTIFF

## COMPLAINT

AND NOW comes the PLAINTIFF by and through The Law Offices of SPERO T. LAPPAS, and makes this AMENDED COMPLAINT against the above named Defendants, respectfully representing as follows:

### PRELIMINARY AVERMENTS

1.   PLAINTIFF RANDY YORDY is an adult individual residing within the Middle District of Pennsylvania.

2.   DEFENDANT SCOTT BROWN is an adult individual who was at all times material to this cause of action an employee. agent, servant and officer of the PENNSYLVANIA STATE POLICE.

3.   DEFENDANT BERON STEAGER is an adult individual who was at all times material to this cause of action an employee. agent, servant and officer of the PENNSYLVANIA STATE POLICE.

4.   DEFENDANT BARRY BRINSER is an adult individual who was at all times material to this cause of action an employee. agent, servant and officer of the PENNSYLVANIA STATE POLICE.

5.   DEFENDANT PAUL EVANKO is an adult individual who was at all times material to this cause of action an employee, agent, servant and officer of the PENNSYLVANIA STATE POLICE.  At such relevant times, he was the commissioner of the pennsylvania state police.  In that office he had authority and control of all facets of the operation of the PSP including personnel and disciplinary matters.

6.   All actions described in this Complaint as being taken by the individual defendants were taken in the course and scope of their employment as members of the PENNSYlVANIA STATE POLICE.

7.   All of the Defendant's actions described within this Complaint either _infra_ or _supra_, were intentional, malicious and taken in bad faith; in the alternative, those actions were reckless; in the alternative, those actions were negligent.  None of those actions were privileged, or in the alternative, any privilege which would have otherwise attached was lost through abuse of a conditionally privileged occasion.

8.   All of the Defendant's actions described within this Complaint either _infra_ or _supra_, were taken under color of state law.

9.   All harms, damages, and injuries suffered by the PLAINTIFF were the direct, legal and proximate results of the wrongful acts of the DEFENDANTS as described in this Complaint.

10.   The causes of action brought in this Complaint are brought pursuant to _inter alia_ Title 42, United States Code, sections 1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the Civil Rights laws of the United States.

11.   Jurisdiction is founded upon 28 USC § 1331 and 1341 and the aforementioned statutory and constitutional provisions.

12.   Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under State Law.

13. This court has jurisdiction over this case.

*FACTS*

14. On February 4, 1999 the Plaintiff was driving his motor vehicle in the County of Dauphin, Middle District of Pennsylvania.

15. At that date, time, and place, DEFENDANT BROWN, who was then and there employed as a police officer with the PSP, stopped the vehicle for the purported reason of investigating a possible driving under the influence offense.

16. During the course of that stop, DEFENDANT BROWN became violent, and assaulted the PLAINTIFF.

17. DEFENDANT BROWN's assault upon the PLAINTIFF caused the PLAINTIFF to suffer the following injuries, and losses, <u>inter alia</u>:

   a.   he suffered the loss of income;

   b.   He was deprived of his liberty;

   c.   He suffered great humiliation, embarrassment, mortification, and distress;

   d.   He was subjected to unlawful, illegal and unreasonable and unconstitutional use of force;

   e.   He was subjected to unlawful, illegal and unreasonable and unconstitutional arrest, detention, confinement, and inconvenience;

   f.   He was deprived of his liberty in violation of the Constitutions of the United States of Pennsylvania and further in violation of state and federal law;

   g.   He was put in fear of his well-being;

h. He suffered the loss of valuable federally protected rights.

i. The Plaintiff sustained physical injuries, damages, and losses, including physical and mental pain and suffering;

j. The Plaintiff incurred medical expenses and other expenses related to the incident;

k. The Plaintiff has lost earnings and/or earning capacity;

l. The Plaintiff was required to undergo medical care;

m. The Plaintiff was required to incur costs and/or to expend money on medical care, health care, and incidental expenses;

n. The Plaintiff was for a time partially disabled;

o. The Plaintiff has suffered grave and severe physical injuries;

p. The Plaintiff has suffered great and severe physical and emotional pain, suffering and upset;

q. The Plaintiff has been prevented from taking part in and performing the activities of employment, home life, personal life and social and recreational activities;

r. The Plaintiff has been forced to undergo great and substantial inconvenience, aggravation, and loss of life's pleasures.

18. The PLAINTIFF narrowly escaped the aforementioned assault with his life, and in fact, DEFENDANT BROWN unlawfully and

unconstitutionally discharged his firearm at the PLAINTIFF and PLAINTIFF'S vehicle as the PLAINTIFF was fleeing.

19.   PLAINTIFF then returned to his home whereupon several other PSP officers, some of whom are know to PLAINTIFF as DEFENDANTS STEAGER and BRINSER, and others of whom are unknown and are denominated JOHN DOE defendants in this action pending their identification through discovery and investigations, came to PLAINTIFF's home and assaulted him viciously, perhaps in unlawful retaliation for PLAINTIFF's supposed prior confrontation with DEFENDANT BROWN.

20.   This assault upon PLAINTIFF at PLAINTIFF'S home aggravated the PLAINTIFF'S previous injuries and furthermore caused the following injuries, and losses, _inter alia_:

a.   he suffered the loss of income;

b.   He was deprived of his liberty;

c.   He suffered great humiliation, embarrassment, mortification, and distress;

d.   He was subjected to unlawful, illegal and unreasonable and unconstitutional use of force;

e.   He was subjected to unlawful, illegal and unreasonable and unconstitutional arrest, detention, confinement, and inconvenience;

f.   He was deprived of his liberty in violation of the Constitutions of the United States of Pennsylvania and further in violation of state and federal law;

---

g.   He was put in fear of his well-being;

h.   He suffered the loss of valuable federally protected rights.

i.   The Plaintiff sustained physical injuries, damages, and losses, including physical and mental pain and suffering;

j.   The Plaintiff incurred medical expenses and other expenses related to the incident;

k.   The Plaintiff has lost earnings and/or earning capacity;

l.   The Plaintiff was required to undergo medical care;

m.   The Plaintiff was required to incur costs and/or to expend money on medical care, health care, and incidental expenses;

n.   The Plaintiff was for a time partially disabled;

o.   The Plaintiff has suffered grave and severe physical injuries;

p.   The Plaintiff has suffered great and severe physical and emotional pain, suffering and upset;

q.   The Plaintiff has been prevented from taking part in and performing the activities of employment, home life, personal life and social and recreational activities;

r.   The Plaintiff has been forced to undergo great and substantial inconvenience, aggravation, and loss of life's pleasures.

21.  At all relevant times, DEFENDANT BROWN's personality,

character, proclivities and record with the PSP was such as to disqualify him from continued employment as a police officer. His personality, character, proclivities and record, and/or his record of prior citizen assaults, disciplinary charges, and official misconducts identified him as one who was illsuited to continued employment, and revealed him as a hazard to the citizens of this Commonwealth.

22.    DEFENDANT BROWN's record would have revealed that disciplinary action, removal from duty, or reassignment was appropriate and that he should not be allowed to continue in police employment, or at least that he not be allowed to interact with members of the public in such a fashion as to allow his dangerous proclivities to present a menace to the public.

23.    In spite of these facts, DEFENDANT EVANKO:

    a.    failed and refused to exercise proper disciplinary control and supervision over DEFENDANT BROWN;

    b.    failed to remove DEFENDANT BROWN from patrol duties;

    c.    failed to take adequate and sufficient steps to protect the public in general and this PLAINTIFF in particular from DEFENDANT BROWN's dangerous proclivities.

    d.    failed to institute such procedures within PSP practices as would lead to BROWN's removal, reassignment, effective discipline or dismissal.

---

24.  DEFENDANT EVANKO'S failures and actions as described in this complaint are the proximate cause, or one proximate cause, of the PLAINTIFF'S injuries, losses and harms.


### COUNT 1
### PLAINTIFF V. BROWN
### VIOLATION OF FEDERAL CIVIL RIGHTS

25.  All other paragraphs of this Complaint are incorporated into this count by reference thereto.

26. WHEREFORE, the PLAINTIFF demands judgment against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys' fees.

### COUNT 2
### PLAINTIFF V. EVANKO
### VIOLATION OF FEDERAL CIVIL RIGHTS

27.  All other paragraphs of this Complaint are incorporated into this count by reference thereto.

28. WHEREFORE, the PLAINTIFF demands judgment against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys' fees.

### COUNT 3
### PLAINTIFF V. BERON F. STEAGER
### VIOLATION OF FEDERAL CIVIL RIGHTS

29.  All other paragraphs of this Complaint are incorporated into this count by reference thereto.

30. WHEREFORE, the PLAINTIFF demands judgment against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys' fees.

### COUNT 4
#### PLAINTIFF V. BARRY L. BRINSER
#### VIOLATION OF FEDERAL CIVIL RIGHTS

31.  All other paragraphs of this Complaint are incorporated into this count by reference thereto.

32. WHEREFORE, the PLAINTIFF demands judgment against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys' fees.

### COUNT 5
#### PLAINTIFF V. JOHN DOE 1
#### VIOLATION OF FEDERAL CIVIL RIGHTS

33.  All other paragraphs of this Complaint are incorporated into this count by reference thereto.

34. WHEREFORE, the PLAINTIFF demands judgment against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys' fees.

### COUNT 6
#### PLAINTIFF V. JOHN DOE 2
#### VIOLATION OF FEDERAL CIVIL RIGHTS

35.  All other paragraphs of this Complaint are incorporated into this count by reference thereto.

36. WHEREFORE, the PLAINTIFF demands judgment against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys' fees.

### COUNT 7
#### PLAINTIFF V. JOHN DOE 3
#### VIOLATION OF FEDERAL CIVIL RIGHTS

37.  All other paragraphs of this Complaint are incorporated into this count by reference thereto.

38. WHEREFORE, the PLAINTIFF demands judgment against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys' fees.

### COUNT 8
### PLAINTIFF V. JOHN DOE 4
### VIOLATION OF FEDERAL CIVIL RIGHTS

39. All other paragraphs of this Complaint are incorporated into this count by reference thereto.

40. WHEREFORE, the PLAINTIFF demands judgment against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys' fees.

### COUNT 9
### PLAINTIFF V. ALL DEFENDANTS
### VIOLATION OF FEDERAL CIVIL RIGHTS

41. All other paragraphs of this Complaint are incorporated into this count by reference thereto.

42. WHEREFORE, the PLAINTIFF demands judgment against these Defendants jointly and severally for monetary damages, plus costs of litigation and attorneys' fees.

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____
SPERO T. LAPPAS, Esquire
Pa. Supreme Ct. ID no. 25745
205 State Street
P.O. Box 808
Harrisburg, PA  17108-0808
(717) 238-4286
ATTORNEY FOR THE PLAINTIFF