

The Law Offices of SPERO T. LAPPAS
205 State Street
Harrisburg, PA  17108-0808
(717) 238-4286
    By:  SPERO T. LAPPAS, Esquire
        Pa. Supreme Court identification no. 25745
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY YORDY,<br>      Plaintiff<br><br>    v.<br><br>SCOTT BROWN, PAUL EVANKO,<br>BERON STEAGER, AND BARRY L.<br>BRINSER, et. al.,<br>      Defendants | : <br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO.: 1:01-CV-0206<br><br>CIVIL ACTION LAW<br><br>JUDGE KANE<br><br><br><br>JURY TRIAL DEMANDED |

FILED
HARRISBURG
APR 3 0 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

### I. FACTS AND PROCEDURAL HISTORY

The Plaintiff initiated this lawsuit by the filing of a Complaint, charging that during an otherwise routine traffic stop on February 4, 1999 Defendant Scott Brown viciously assaulted him causing numerous injuries.  After the Plaintiff escaped with his life, (and after Defendant Brown tried unsuccessfully to shoot him) the Plaintiff, while at home, was again assaulted by four other members of the Pennsylvania State Police, in retaliation for what those troopers perceived to be the Plaintiff's misconduct with Defendant Brown.  Of the four-man posse who committed the second assault, the Plaintiff can only identify two of them:  Defendants

Steager and Brinser. Because the identities of the other two are currently unknown, they are denominated as "John Doe" Defendants in the Complaint.

The Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) asserting three defenses: That the Plaintiff's claims are allegedly barred by the United States Supreme Court case of Heck v. Humphrey, 512 U.S. 477 (1994); that the Plaintiff's claims are allegedly barred by a purported issue preclusion resulting from certain guilty pleas which the Plaintiff entered in state court; and that the Defendants are protected by qualified immunity.

In support of this Motion, the Defendants have submitted certain transcripts which excerpt some of the proceedings before the Court of Common Pleas of Dauphin County relative to the Plaintiff's prosecution therein. These submissions are not properly before this Court on a Rule 12(b)(6) Motion and the Plaintiff believes that they should be ignored -- and along with them the Defendant's entire motion.

However, in light of the issues raised, the Plaintiff files this Brief in Opposition to the Defendants' Motion.

Specifically, the relevant averments of the Plaintiff's Complaint include the following:

"14. On February 4, 1999 the Plaintiff was driving his motor vehicle in the County of Dauphin, Middle District of Pennsylvania.

"15. At that date, time, and place, DEFENDANT BROWN, who was then and there employed as a police officer with the PSP, stopped

the vehicle for the purported reason of investigating a possible driving under the influence offense.

"16. During the course of that stop, DEFENDANT BROWN became violent, and assaulted the PLAINTIFF. . . .

"17. DEFENDANT BROWN's assault upon the PLAINTIFF caused the PLAINTIFF to suffer the following injuries, and losses, *inter alia*: . . .

- "d. He was subjected to unlawful, illegal and unreasonable and unconstitutional use of force;

- "e. He was subjected to unlawful, illegal and unreasonable and unconstitutional arrest, detention, confinement, and inconvenience;

- "f. He was deprived of his liberty in violation of the Constitutions of the United States of Pennsylvania and further in violation of state and federal law; . . .

- "h. He suffered the loss of valuable federally protected rights; . . .

"18. The PLAINTIFF narrowly escaped the aforementioned assault with his life, and in fact, DEFENDANT BROWN unlawfully and unconstitutionally discharged his firearm at the PLAINTIFF and PLAINTIFF'S vehicle as the PLAINTIFF was fleeing.

"19. PLAINTIFF then returned to his home whereupon several other PSP officers, some of whom are know to PLAINTIFF as DEFENDANTS STEAGER and BRINSER, and others of whom are unknown and are denominated JOHN DOE defendants in this action pending their identification through discovery and investigations, came to PLAINTIFF's home and assaulted him viciously, perhaps in unlawful retaliation for PLAINTIFF's supposed prior confrontation with DEFENDANT BROWN.

"20. This assault upon PLAINTIFF at PLAINTIFF'S home aggravated the PLAINTIFF'S previous injuries and furthermore caused the following injuries, and losses, *inter alia*: . . .

- "d. He was subjected to unlawful, illegal and unreasonable and unconstitutional use of force;

- "e. He was subjected to unlawful, illegal and unreasonable and unconstitutional arrest, detention, confinement, and inconvenience;

"f.  He was deprived of his liberty in violation of the Constitutions of the United States of Pennsylvania and further in violation of state and federal law; . . .

"h.  He suffered the loss of valuable federally protected rights; . . .

And,

"6.  All actions described in this Complaint as being taken by the individual defendants were taken in the course and scope of their employment as members of the PENNSYlVANIA STATE POLICE.

"7.  All of the Defendant's actions described within this Complaint either *infra* or *supra*, were intentional, malicious and taken in bad faith; in the alternative, those actions were reckless; in the alternative, those actions were negligent.  None of those actions were privileged, or in the alternative, any privilege which would have otherwise attached was lost through abuse of a conditionally privileged occasion.

"8.  All of the Defendant's actions described within this Complaint either *infra* or *supra*, were taken under color of state law.

"9.  All harms, damages, and injuries suffered by the PLAINTIFF were the direct, legal and proximate results of the wrongful acts of the DEFENDANTS as described in this Complaint."

The gist of the defendants' motion appears to be that because Randy Yordy pleaded guilty to aggravated assault on a police officer and because he pleaded guilty to resisting arrest, he is barred from bringing an action for the unconstitutional use of excessive use of force.  This contention ignores the current state of the law, it overlooks and misinterprets authority of which the Defendants are admittedly aware, and it belies common sense.  For all of these reasons, the motion should be denied in it's entirety and the Defendants ordered to file an answer.

## II. ISSUES

1. *DOES THE DEFENDANTS' MOTION IMPROPERLY GO OUTSIDE THE PLEADINGS OF THIS CASE?* (suggested answer -- YES)

2. *IS THE PLAINTIFF'S CASE IS BARRED BY THE RULE OF HECK V. HUMPHREY?* (suggested answer -- NO)

3. *IS THE PLAINTIFF'S CASE BARRED BY COLLATERAL ESTOPPEL?* (suggested answer -- NO)

4. *IS THE PLAINTIFF'S CASE BARRED BY QUALIFIED IMMUNITY?* (suggested answer -- NO)

## III. ARGUMENT

### 1. THE DEFENDANTS' MOTION IMPROPERLY GOES OUTSIDE THE PLEADINGS OF THIS CASE

In support of their Motion, the Defendants have submitted transcripts which excerpt some of the proceedings before the Court of Common Pleas of Dauphin County relative to the Plaintiff's prosecution therein. These submissions are not properly before this Court on a Rule 12(b)(6) Motion and the Plaintiff believes that they should be ignored -- and along with them the Defendant's entire motion.

### 2. THE PLAINTIFF'S CASE IS NOT BARRED BY THE RULE OF HECK V. HUMPHREY

In Heck v. Humphrey the United States Supreme Court held that

> "When a section 1983 claimant seeks `to recover damages for allegedly unconstitutional conviction or imprisonment,' he `must prove that the conviction or sentence has been

>reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a Federal Court's issuance of a Writ of habeas corpus.' [Heck, supra] 512 U.S. at 486 - 87, 114 S. Ct. 2364. In the absence of such a showing a impugnment, the claim `is not cognizable under (§) 1983' Id. at 487, 114 Supreme Court 2364".

Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998).

In other words, under Heck, a plaintiff who has been convicted of a criminal offense cannot sue in federal court on the grounds that the conviction was unconstitutional and therefore his sentence and imprisonment unlawful. The Heck Court reasoned that to allow such a section 1983 action to proceed would amount to a collateral attack on the underlying state court conviction; a kind of attack that the law reserves exclusively to proceedings under 42 U.S.C. §2255.

That is _all_ that Heck stands for; and the Supreme Court was very careful to make it clear that the Heck decision would not apply to cases such as Mr. Yordy's lawsuit. "If the District Court determines that the Plaintiff's action, even if successful, <u>will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed</u>, in the absence of some other bar to the suit." Heck v. Humphrey, 512 U.S. at 487, 114 S. Ct. at 2372, 73 (emphasis added, footnote omitted).

Accordingly, although Heck would bar a case in which a

convicted State Court defendant tries to be a federal Plaintiff in a malicious prosecution action, it does not bar actions brought by convicted state court defendants who sue on claims that do not require a finding that they were innocent (or unconstitutionally convicted) of the state court charges. For example, Heck does not bar a state convict from suing over the conditions of his confinement after arrest (Channer v. Mitchell, 43 F.3d 786 (2d Cir. 1994); it does not bar a lawsuit based upon the state convict's violation of privacy or religious liberties at his state court trial (Jackson v. Suffolk County Homicide Bureau and Hughes, 135 F.3d 253 (2d Cir. 1998). It does not bar a lawsuit based upon the deliberate indifference to the Plaintiff's medical needs while confined pursuant to the state court conviction, Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998).

And it most definitely does not bar a claim for excessive use of force during the arrest. Nelson v. Jashurek, 109 F.3d 142 (3rd Cir. 1997); Jackson, supra at 257; Simpson v. City of Pickens, Mississippi, 887 F. Supp. 126 (S.D. Miss. 1995).

The Defendants in this case make much of the fact that the Plaintiff pleaded guilty to resisting arrest (18 Pa.C.S. §5104) and aggravated assault on a police officer (18 Pa.C.S. §2701(a)(3)), as if that bolstered their Heck based claim. This argument is both legally and logically unpersuasive.

It is _legally_ unpersuasive because it has already been rejected by the Third Circuit Court of Appeals in Nelson v.

Jashurec, 109 F.3d 142 (3rd Cir. 1997)[1] The Nelson court carefully analyzed the state statute prohibiting resisting arrest which allowed the use of "substantial force" by police officer to overcome an arrestee's resistance. However, the Third Circuit correctly held that "substantial force" does not mean "unlimited force."

> ". . . the fact that [an officer] was justified in using `substantial force' to arrest [the plaintiff] does not mean that he was justified in an excessive amount of force and this does not mean that his actions in effectuating the arrest necessarily were objectively reasonable. In short, there undoubtedly could be `substantial force' which is objectively reasonable and `substantial force' which is excessive and unreasonable."

Nelson, supra at 145.

The Third Circuit also cited with approval and endorsed the reasoning of Simpson v. City of Pickens, 887 F. Supp. 126 (S.D. Miss. 1995).

> "The District Court in Simpson held that even if a Defendant in a criminal action was convicted badly of resisting arrest, the criminal defendant was not necessarily barred from bringing a §1983 excessive force action over the fourth and fourteenth amendments because `it is possible for a finding that (the defendant was resisting arrest to co-exist with a finding that the police used excessive force to subdue him' Id. at 129. We are in a Court with the Simpson analysis."

Nelson, supra, 109 F.3d at 146.

---

[1] As the defendants themselves recognize at pages 7 - 9 of their brief.

*The Law Offices of SPERO T. LAPPAS*

With respect to the aggravated assault conviction in the present case, the Third Circuit (again, in <u>Nelson</u>) has cited with approval and adopted the reasoning of <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996).

> "Because a successful 1983 action for excessive force would not necessarily imply the invalidity of <u>Smithart</u> arrest or conviction (for assault with a deadly weapon during a traffic stop), <u>Heck</u> does not preclude Smith's excessive force claim."

<u>Nelson</u>, <u>supra</u>, 109 F.3rd at 146, quoting <u>Smithart</u>, <u>supra</u>, 79 F.3d 951, 952.

Accordingly, the law is four square against the Defendant's Motion. The language of the <u>Heck v. Humphrey</u> decision itself (<u>Heck v. Humphrey</u>, <u>supra</u>, 512 U.S. at 487, 114 S. Ct. at 2372, 73) defeats a Motion such as the present one and the progeny of <u>Heck</u> emphasizes such preclusion.

The Defendants' argument is <u>logically</u> unpersuasive because of the Pennsylvania state law with respect to these convictions. As Mr. Yordy's criminal defense attorney recognized at Yordy's sentencing, to a very real extent <u>any</u> amount of resistance offered by a criminal arrestee will make him guilty of resisting arrest under the Pennsylvania Crimes Code. For example, in <u>Commonwealth v. Miller</u>, 327 Pa. Superior Ct. 154, 475 A.2d 145 (1984) the Court found that even flight could under some circumstances make an arrestee guilty of resisting arrest. Similarly, with respect to aggravated assault on a police officer under 18 Pa.C.S.

§2702(a)(3), any amount of force used against a police officer is aggravated assault under state law.  Aggravated assault under a police officer does not contain the element of serious bodily harm or the intent to inflict serious bodily harm[2]; and as 18 Pa.C.S. section 2702(a)(3) makes clear, actions which would be simple assault (18 Pa.C.S. section 2701) or perhaps even non-criminal if taken against a civilian become aggravated assault when taken against a police officer.

In fact the law of Pennsylvania provides that an arrestee must submit even to an arrest which he knows to be unlawful (and which is in fact unlawful), 18 Pa.C.S. section 505(b)(1)(i), and must "suffer a police beating without resistance" <u>Commonwealth v. Finked</u>, 603 A.2d 651, 653 (Pa. Superior Ct. 1992) citing <u>Commonwealth v. French</u>, 396 Pa. Superior Ct. 436, 448, 578 A.2d 1292, 1298 (1990).[3]  Pennsylvania's criminal law may require a citizen to submit to police brutality, but federal constitutional law gives that citizen a remedy under section 1983.

Combining these facts, we see that the Third Circuit was quite correct in its finding that even if a police officer is justified

---

[2] as does aggravated assault against a non-police officer. 18 Pa.C.S. section 2701(a)(1),(2), and (4).

[3] The exception to this rule allows the arrestee to resist the use of deadly force.  However, although this exception provides a justification defense under 18 Pa.C.S. section 505, it offers little practical advantage to a citizen (such as one in Mr. Yordy's position on February 4, 1999) confronted with an armed and dangerous officer during an unconstitutional beating and shooting; or, as at Mr. Yordy's home in this case, with four such officers.

in using substantial force because an arrestee has resisted arrest a police officer cannot take advantage of this resistance (nor can he take advantage of the use of minimal force such as would nonetheless make an arrestee guilty of aggravated assault on a police officer) to justify administering an unlawfully violent and vicious beating. The Complain in this case alleges that Defendant Brown brutally and unconstitutionally battered the Plaintiff; and that Defendants Steager and Brinser ambushed him at his house and beat him up some more out of pure vindictiveness. This can never be legal.

Inasmuch as the Defendants have gone past the record in the making of this motion, the Plaintiff thinks it important for the court to see the results of the Defendants actions. Accordingly, we are attaching to this Brief several photographs (collectively marked as Exhibit A) which portray the Defendants' handiwork on the night in question.

### 3. THE PLAINTIFF'S CASE IS NOT BARRED BY COLLATERAL ESTOPPEL

As described <u>supra</u>, there is no element of the plaintiff's claim which has been precluded against him by his criminal convictions. Even if he resisted arrest (by resisting the officers' unlawful beating) and even if his resistance consisted of some use of force against the officers (as forbidden by 18 Pa.C.S. sections 505 and 5104) he is not precluded from bringing this

lawsuit.

### 4. THE PLAINTIFF'S CASE IS NOT BARRED BY QUALIFIED IMMUNITY

First, the Plaintiff contends that the assertion of qualified immunity is premature in this case. There is no evidentiary record, there has been no discovery, and no opportunity to depose the defendants. Accordingly, for this reason alone, the Defendants' motion should be denied.

Furthermore, the contention that a "reasonable officer in the defendant[s'] position should [not] have known that the alleged action violated the plaintiff's rights"[4] is ridiculous. Unlawful beatings, retaliatory assaults and police brutality have been unconstitutional since long before February 4, 1999 (the date on which this case arose). In fact, the <u>Nelson</u> case which the defendants cite themselves, authorized an excessive use of force lawsuit in 1997.

---

[4] Defendants' Brief at page 12.



**PLAINTIFF'S EXHIBIT**





Case 1:01-cv-00206-YK   Document 13   Filed 04/30/2001   Page 16 of 20











## IV. CONCLUSION

WHEREFORE, the defendants' motion should be denied.

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: *[signature]*

SPERO T. LAPPAS, Esquire
Pa. Supreme Ct. ID no. 25745
205 State Street
P.O. Box 808
Harrisburg, PA  17108-0808
(717) 238-4286
ATTORNEY FOR PLAINTIFF

*The Law Offices of SPERO T. LAPPAS*
*205 State Street*
*Post Office Box 808*
*Harrisburg, Pennsylvania   17108-0808*
*(717) 238-4286*
     *By:   SPERO T. LAPPAS, Esquire*
           *Pa. Supreme Court identification no. 25745*
*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below by mailing a copy addressed as follows, postage pre-paid, deposited into the U. S. Mail at Harrisburg, Pennsylvania.

Gregory R. Neuhauser, Esquire
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA   17120

                              RESPECTFULLY SUBMITTED,

                              The Law Offices of SPERO T. LAPPAS

                              By: _____
                              *SPERO T. LAPPAS, Esquire*
                              *Pa. Supreme Ct. ID no. 25745*
                              *205 State Street*
                              *P.O. Box 808*
                              *Harrisburg, PA   17108-0808*
                              *(717) 238-4286*
                              *ATTORNEY FOR PLAINTIFFS*

4/30/01