ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY,<br>    Plaintiff | :<br>:<br>: No. 1:01-CV-0206 |
| v. | :<br>: (Judge Kane) |
| SCOTT BROWN, PAUL EVANKO,<br>BERON F. STEAGER, AND BARRY L.<br>BRINSER, et al.,<br>    Defendants | :<br>:<br>:<br>: |

FILED
HARRISBURG
MAY 11 2001
MARY E. D'ANDREA, CLERK
Per_____
          DEPUTY CLERK

### REPLY MEMORANDUM FOR DEFENDANTS

### Introduction

Before the Court in this civil action for damages brought under 42 U.S.C. §1983 is defendants' motion to dismiss the complaint, which is supported by a memorandum of law and several documentary exhibits filed March 12, 2001. On April 30, 2001, plaintiff filed his brief in opposition to defendants' motion to dismiss accompanied by several photographs purportedly showing plaintiff's condition on the night of his arrest. Defendants submit this short memorandum in reply to the arguments presented in plaintiff's brief in opposition. In all other respects, we rely on our principal brief on the motion to dismiss.

## Argument

1. **THE COURT MAY TAKE JUDICIAL NOTICE OF OFFICIAL PROCEEDINGS AND DOCUMENTS FROM STATE COURTS AND AGENCIES.**

As his initial argument in opposition to defendants' motion to dismiss, plaintiff contends that the Court may not consider the transcripts of proceedings before the Court of Common Pleas of Dauphin County, proceedings in which plaintiff pled guilty to the crimes of aggravated assault, driving under the influence and resisting arrest in connection with the very incidents about which he has brought suit in this action. (Plaintiff's Brief, page 5). Contrary to plaintiff's argument, the Court may take judicial notice of such official proceedings and documents.[1] See e.g., City of Pittsburgh v. West Penn. Power Co., 147 F.2d 256, 258 (3d Cir 1998) (citing cases).

---

[1] Ironically, plaintiff's brief in opposition commits the same "sin" he argues the defendants have done. Attached to plaintiff's brief are unauthenticated evidentiary materials which apparently have been submitted in an attempt to detract the Court from the purely legal issues presented by the motion to dismiss; however, such unauthenticated materials are not proper matters for consideration whether on a motion to dismiss or motion for summary judgment. See Maldonado v. Ramirez, 757 F.2d 48, 50 (3d Cir 1985) (court may consider only properly submitted evidentiary material on motion for summary judgment). In any event, plaintiff's brief makes no argument that he disputes his guilty pleas or sentences or otherwise challenges the authenticity of the transcripts of the state court proceedings or the commitment documents.

2

## 2. PLAINTIFF'S BRIEF MISREADS THE DECISION IN HECK v. HUMPHREY.

The thrust of plaintiff's argument on the <u>Heck v. Humphrey</u>[2] principle is as follows:

> [U]nder <u>Heck</u>, a plaintiff who has been convicted of a criminal offense cannot sue in federal court on the grounds that the conviction was unconstitutional and therefore his sentence and imprisonment unlawful.... That is <u>all</u> that <u>Heck</u> stands for; and the Supreme Court was very careful to make it clear that the <u>Heck</u> decision would not apply to cases such as Mr. Yordy's lawsuit.

(Plaintiff's Brief in Opposition, p. 6) (emphasis in original).

Unfortunately, that is <u>not</u> all that <u>Heck</u> stands for. As the Supreme Court took great pains to point out, a plaintiff's §1983 action does not have to be limited to a claim for damages related to an unconstitutional conviction or imprisonment. 512 U.S. at 486-87. Rather, as the Court made clear, the <u>Heck</u> principle may apply to actions seeking to recover for "other harm" caused by actions whose unlawfulness — if proven — would "necessarily imply the invalidity" of the plaintiff's conviction or sentence. 512 U.S. at 487. As an

---

[2] 512 U.S. 477 (1994).

3

example of such a case, the Supreme Court provided the resisting arrest example at footnote 6 of its opinion, which we quoted at page 5 of our initial brief filed March 12, 2001. Thus, plaintiff's reading of the Heck principle is an overly narrow one and, more importantly, ignores the underlying basis for the principle: federal courts should not entertain civil actions which, if successful, would call into question the validity of the plaintiff's criminal convictions unless and until those convictions have been invalidated. 512 U.S. at 486-87.

3. **PLAINTIFF MAKES NO ARGUMENT ON COLLATERAL ESTOPPEL.**

Despite defendants' argument on the elements of collateral estoppel, which appear at pp. 9-11 of our principal brief, plaintiff offers no argument in opposition other than simply to say estoppel does not apply. (Plaintiff's Brief at 11). As Judge Rambo of this Court held in Morris v. Pushart, et al., M.D.Pa No. 1:CV-99-1432 (January 12, 2001)(copy attached to defendants' brief filed 3/12/01), federal courts consistently apply the doctrines of res judicata and collateral estoppel to state court decisions, and the binding decisions of plaintiff's guilty pleas in the Court of Common Pleas should not be relitigated in federal court.

4

**Conclusion**

For the above-stated reasons and those presented in the brief filed March 12, 2001, defendants' motion to dismiss the complaint should be granted.

                                      **Respectfully submitted,**

                                      **D. MICHAEL FISHER**
                                      Attorney General

By: _\[signature\]_
                                      **GREGORY R. NEUHAUSER**
                                      Senior Deputy Attorney General

                                      **SUSAN J. FORNEY**
                                      **Chief Deputy Attorney General**
                                      **Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

**DATE: May 11, 2001**

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY, :
    Plaintiff :
: No. 1:01-CV-0206
v. :
: (Judge Kane)
SCOTT BROWN, PAUL EVANKO, :
BERON F. STEAGER, AND BARRY L. :
BRINSER, et al., :
    Defendants :

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **May 11, 2001**, I caused to be served a true and correct copy of the foregoing document **Reply Memorandum for Defendants** by depositing it in the United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
205 State Street
Harrisburg, PA 17101-0808

                                                      */s/ Gregory R. Neuhauser*
                                                      **GREGORY R. NEUHAUSER**
                                                      **Senior Deputy Attorney General**