**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY,<br>　　Plaintiff<br><br>　　v.<br><br>SCOTT BROWN, PAUL EVANKO,<br>BERON F. STEAGER, AND BARRY L.<br>BRINSER, et al.,<br>　　Defendants | : No. 1:01-CV-0206<br>:<br>: (Judge Kane)<br>: |

FILED HARRISBURG
OCT 05 2001
MARY E. D'ANDREA
Per _____
DEPUTY CLERK

## ANSWER

Defendants, Scott Brown, Paul Evanko, Beron Steager and Barry Brinser, by their counsel, hereby submit this answer to the complaint.

### FIRST DEFENSE

The numbered allegations are answered as follows:

1.　ADMITTED.

2.　ADMITTED in part; DENIED in part. ADMITTED that, at all material times, Scott Brown was an employee of the Pennsylvania State Police. The remainder of this numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

3.　ADMITTED in part; DENIED in part. ADMITTED that, at all material times, Beron Steager was an employee of the Pennsylvania State Police.

The remainder of this numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

4. ADMITTED in part; DENIED in part. ADMITTED that, at all material times, Barry Brinser was an employee of the Pennsylvania State Police. The remainder of this numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

5. ADMITTED in part; DENIED in part. ADMITTED that, at all material times, Paul Evanko was an employee of the Pennsylvania State Police and held the position of Commissioner. The remainder of this numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

6. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are ADMITTED.

7. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

8. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are ADMITTED.

9. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

10. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

11. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

12. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

13. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

14. ADMITTED.

15. ADMITTED in part; DENIED in part. DENIED that the reason for the traffic stop was "purported." The remainder of this numbered paragraph is ADMITTED.

16. DENIED.

17. DENIED.

a. DENIED.

b. DENIED.

c. DENIED.

d. DENIED.

e. DENIED.

f. DENIED.

g. DENIED.

h. DENIED.

i. DENIED.

j. DENIED.

k. DENIED.

l. DENIED.

m. DENIED.

n. DENIED.

o. DENIED.

p. DENIED.

q. DENIED.

r. DENIED.

18. ADMITTED in part; DENIED in part. ADMITTED that Brown discharged his firearm. The remainder of this numbered paragraph is DENIED.

19. ADMITTED in part; DENIED in part. ADMITTED that Steager and Brinser came to plaintiff's home. The remainder of this numbered paragraph is DENIED.

20. DENIED.

    a. DENIED.

    b. DENIED.

    c. DENIED.

    d. DENIED.

    e. DENIED.

    f. DENIED.

    g. DENIED.

    h. DENIED.

    i. DENIED.

    j. DENIED.

    k. DENIED.

    l. DENIED.

    m. DENIED.

   n.  DENIED.

   o.  DENIED.

   p.  DENIED.

   q.  DENIED.

   r.  DENIED.

21. DENIED.

22. DENIED.

23. DENIED.

   a.  DENIED.

   b.  DENIED.

   c.  DENIED.

   d.  DENIED.

24. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

25. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

26. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

27. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

28. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

29. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

30. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

31. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

32. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

33. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

34. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

35. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

36. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

37. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

38. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

39. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

40. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

41. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

42. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

At no time did defendant, either individually or in concert with others, deprive or seek to deprive plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

### FOURTH DEFENSE

At all material times, defendant acted with a reasonable good faith belief in the lawfulness of his actions and is entitled to immunity therefor.

### FIFTH DEFENSE

Any harm occurring to plaintiff, which harm is specifically denied, was the proximate result of actions or inactions of persons other than answering defendant.

### SIXTH DEFENSE

Any harm occurring to plaintiff, which harm is specifically denied, was the proximate result of actions or inactions of plaintiff himself.

### SEVENTH DEFENSE

The Court lacks subject matter jurisdiction.

### EIGHTH DEFENSE

Plaintiff is estopped to litigate his claims against defendant.

### NINTH DEFENSE

Defendant is immune from suit.

## **TENTH DEFENSE**

The complaint is meritless, frivolous or vexatious warranting an award of attorney's fees against plaintiff.

Wherefore, judgment should be entered in favor of defendants, together with costs and attorney's fees.

                              **Respectfully submitted,**

                              **D. MICHAEL FISHER**
                              Attorney General

By: _/s/ Gregory Neuhauser_
                              **GREGORY R. NEUHAUSER**
                              **Senior Deputy Attorney General**

                              **SUSAN J. FORNEY**
                              **Chief Deputy Attorney General**
                              **Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA   17120**
**717-787-8106**

**DATE:  October 5, 2001**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,
    Plaintiff

v.

SCOTT BROWN, PAUL EVANKO,
BERON F. STEAGER, AND BARRY L.
BRINSER, et al.,
    Defendants

No. 1:01-CV-0206

(Judge Kane)

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **October 5, 2001**, I caused to be served a true and correct copy of the foregoing document **Answer** by depositing it in the United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
205 State Street
Harrisburg, PA  17101-0808

*(signature)*
GREGORY R. NEUHAUSER
**Senior Deputy Attorney General**