

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,
    PLAINTIFF
    v.

SCOTT BROWN,
individually
and in his official capacity
as an employee and agent of
the PENNSYLVANIA STATE POLICE
    Defendant

PAUL EVANKO,
individually
and in his official capacity
as an employee and agent of
the PENNSYLVANIA STATE POLICE
    Defendant, et alii

CIVIL ACTION 1:01-cv-0206

JURY TRIAL DEMANDED

JUDGE KANE

FILED
HARRISBURG, PA

OCT 23 2001

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

## JOINT CASE MANAGEMENT PLAN MEMORANDUM

Attorneys for Plaintiff:  The Law Offices of SPERO T. LAPPAS
    SPERO T. LAPPAS, Esquire
    205 STATE STREET
    P.O. BOX 808
    HARRISBURG, PA 17108-0808

Attorneys for Defendant:  GREGORY NEUHAUSER, ESQUIRE
    OFFICE OF ATTORNEY GENERAL
    LITIGATION SECTION
    15TH FLOOR, STRAWBERRY SQUARE
    HARRISBURG, PA. 17120

**COMPLAINT FILED: FEBRUARY 22, 2001**

**MEETING OF COUNSEL:**

1.  **1.0**    **PLAINTIFF'S STATEMENT OF THE CASE:**

    On February 4, 1999 the Plaintiff was driving his motor vehicle in the County of Dauphin when DEFENDANT BROWN stopped the vehicle for the purported reason of investigating a possible driving under the influence offense. During the course of that stop, DEFENDANT BROWN became violent, and assaulted the PLAINTIFF.

1

The PLAINTIFF narrowly escaped the aforementioned assault with his life, and in fact, DEFENDANT BROWN unlawfully and unconstitutionally discharged his firearm at the PLAINTIFF and PLAINTIFF'S vehicle as the PLAINTIFF was fleeing.

PLAINTIFF then returned to his home whereupon several other PSP officers, some of whom are know to PLAINTIFF as DEFENDANTS STEAGER and BRINSER, and others of whom are unknown and are denominated JOHN DOE defendants in this action pending their identification through discovery and investigations, came to PLAINTIFF's home and assaulted him viciously, perhaps in unlawful retaliation for PLAINTIFF's supposed prior confrontation with DEFENDANT BROWN.

At all relevant times, DEFENDANT BROWN's personality, character, proclivities and record with the PSP was such as to disqualify him from continued employment as a police officer. His personality, character, proclivities and record, and/or his record of prior citizen assaults, disciplinary charges, and official misconducts identified him as one who was illsuited to continued employment, and revealed him as a hazard to the citizens of this Commonwealth. DEFENDANT BROWN's record would have revealed that disciplinary action, removal from duty, or reassignment was appropriate and that he should not be allowed to continue in police employment, or at least that he not be allowed to interact with members of the public in such a fashion as to allow his dangerous proclivities to present a menace to the public. In spite of these facts, DEFENDANT EVANKO failed and refused to exercise proper

disciplinary control and supervision over DEFENDANT BROWN. DEFENDANT EVANKO'S failures and actions as described in this complaint are the proximate cause, or one proximate cause, of the PLAINTIFF'S injuries, losses and harms.

DEFENDANTS'S STATEMENT OF THE CASE: ATTACHED AS EXHIBIT A

Principal Issues that the parties dispute: Whether or not the defendants unlawfully assaulted the plaintiff.

2.  1.30  The principal legal issues that the parties dispute are:

Whether or not the Defendants are protected by qualified immunity.

Whether or not the Complaint states a claim by virtue of the Plaintiff's unreversed convictions in state court.

Whether or not the Defendants are liable to the Plaintiff.

3.  1.40  The principal legal issues that the agree upon are:

   a.  This court has jurisdiction over this case pursuant to Title 28, United States Code, section 1331 and section 1341.

4.  1.50  Unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue: none other than for the identity of John Does 1, 2 and 3.

5.  1.60  Identify any named parties that have not yet been served: none other than for the identity of John Does 1, 2 and 3.

6.  1.70  Identify any additional parties that:

plaintiff intends to join: unknown at this time. However, Plaintiff will move to amend the caption to identify John

Does 1, 2, and 3 when their identity becomes known through discovery.

    defendant intends to join:  none at this time.

**7. 1.80  Identify any additional claims that:**

    plaintiff intends to add:  unknown at this time.

    defendant intends to add:  unknown at this time.

**8. 2.0  Alternative Dispute Resolution ("ADR")**

    2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.  none.

**9. 3.0  Consent to Jurisdiction by a Magistrate Judge**

The parties do not consent to the jurisdiction of a magistrate judge.

**10. 4.0  Disclosures**

    4.100  WITNESSES

        4.101  Disclosed by plaintiff: Plaintiff and all defendants.

        4.151  Disclosed by defendant: Defendants, Vicki Rae Smith, Adam Walmer

    4.200  Documents disclosed:

        4.201  Categories of documents disclosed by plaintiff:  None yet.

        4.251  Categories of documents disclosed by defendant:  Defendants have agreed to disclose the state police incident report and the general investigation report with

    attachments.

 4.300 Additional documents disclosures:

  4.301 Additional categories of documents that plaintiff will disclose: -- discoverable documents requested by the defendant

  4.351 Additional categories of documents that defendant will disclose: discoverable documents requested by the Plaintiff.

11. <u>4.400 Computation of damages:</u>

 4.401 Plaintiff's calculation of damages:

 The Defendant's actions as described in this Complaint are the direct, legal, and proximate causes of the harms, injuries, and damages to the PLAINTIFF including <u>inter alia</u> the following:

a. he suffered the loss of income;

b. He was deprived of his liberty;

c. He suffered great humiliation, embarrassment, mortification, and distress;

d. He was subjected to unlawful, illegal and unreasonable and unconstitutional use of force;

e. He was subjected to unlawful, illegal and unreasonable and unconstitutional arrest, detention, confinement, and inconvenience;

f. He was deprived of his liberty in violation of the Constitutions of the United States of Pennsylvania and further in violation of state and federal law;

g.  He was put in fear of his well-being;

h.  He suffered the loss of valuable federally protected rights.

i.  The Plaintiff sustained physical injuries, damages, and losses, including physical and mental pain and suffering;

j.  The Plaintiff incurred medical expenses and other expenses related to the incident;

k.  The Plaintiff has lost earnings and/or earning capacity;

l.  The Plaintiff was required to undergo medical care;

m.  The Plaintiff was required to incur costs and/or to expend money on medical care, health care, and incidental expenses;

n.  The Plaintiff was for a time partially disabled;

o.  The Plaintiff has suffered grave and severe physical injuries;

p.  The Plaintiff has suffered great and severe physical and emotional pain, suffering and upset;

q.  The Plaintiff has been prevented from taking part in and performing the activities of employment, home life, personal life and social and recreational activities;

r.  The Plaintiff has been forced to undergo great and substantial inconvenience, aggravation, and loss of life's pleasures.

s.  These losses will continue into the future.

4.402  Defendant's calculation of offset:  none

<u>12.   5.0   Anticipated Motions</u>

    Motion for Summary Judgment

    Moving Party -- Defendants

    Anticipated filing date -- MAY 1, 2001

<u>13.   6.0   Discovery</u>

    6.100   Discovery in progress:

        By plaintiff: will soon be serving interrogatories and document requests and deposition notices for the Defendants.

        By defendant: will soon serve interrogatories and document requests and a deposition notice for the Plaintiff.

    6.200   Discovery that all parties agree should be conducted: Plaintiff and defendant will serve and answer interrogatories and documents requests already served in order to discover the identity of trial witnesses, exhibits, issues, etc., and the parties and other witnesses will be deposed

    6.300   Discovery to which a party objects: none, so far.

    6.400   Subject area limitations: relevant discovery only.

    6.500   Discovery limitations:

        6.501   Depositions by plaintiffs: 10

                Depositions by defendant: 10

        6.502   Interrogatories by plaintiff: 30

                Interrogatories by defendant: 30

        6.503    Document production requests to be served by plaintiff: 2 sets

                  Document production requests to be served by defendant: 2 sets

        6.504    Requests for admissions to be served by plaintiff: 1 set

                  Requests for admissions to be served by defendant: 1 set

    6.600    All discovery commenced in time to be completed by APRIL 5, 2002

    6.700    Reports from retained experts due by: APRIL 5, 2002

7.0    Protective Order: none sought

14.  8.0  <u>Certification of Settlement Authority</u>

I hereby certify that the following individual has settlement authority.

For the Plaintiff:  PLAINTIFF

For the Defendants:  LOUIS J. ROVELLI, ESQUIRE
                      EXECUTIVE DEPUTY ATTORNEY GENERAL
                      15TH FLOOR
                      STRAWBERRY SQUARE
                      HARRISBURG, PA.  17120

15.  9.0  <u>Scheduling</u>

    9.1  The trial of this case may be appropriate by approximately JUNE 2002.

    9.2  Suggested date for the final pre-trial conference: MAY 2002

    9.3  Final dates for joining additional parties:

NOVEMBER 2001, but Plaintiff reserves the right to move to amend the caption later to identify John Does 1, 2, and 3.

9.4 Final date for amending pleadings: NOVEMBER 2001, but Plaintiff reserves the right to move to amend the caption later to identify John Does 1, 2, and 3.

9.5 All potentially dispositive motions should be filed by: May 1, 2002

16. 10.0 <u>Other Matters</u> - None

17. 11.0 <u>Identification of Lead Counsel</u>

Attorneys for Plaintiff: The Law Offices of SPERO T. LAPPAS
SPERO T. LAPPAS, Esquire
205 State Street
P.O. Box 808
Harrisburg, PA 17108-0808

Attorneys for Defendant: GREGORY NEUHAUSER, ESQUIRE
OFFICE OF ATTORNEY GENERAL
LITIGATION SECTION
15TH FLOOR, STRAWBERRY SQUARE
HARRISBURG, PA. 17120

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____
SPERO T. LAPPAS, Esquire
ATTORNEY FOR THE PLAINTIFF

OFFICE OF ATTORNEY GENERAL

By: _____
GREGORY NEUHAUSER, ESQUIRE
ATTORNEY FOR THE DEFENDANT

October 23, 2001

YORDY v. BROWN, et al.

*Summary*

On February 4, 1999, Trooper Brown stopped a vehicle in eastern Dauphin County, Pennsylvania, which was operated by the plaintiff. The vehicle was stopped for suspicion of plaintiff's driving under the influence. Plaintiff refused to cooperate with the trooper; plaintiff refused to be taken into custody and struck the trooper as the trooper attempted to handcuff plaintiff. Plaintiff then got into his vehicle and attempted to drive away while Trooper Brown's arm was pinned inside the vehicle. Trooper Brown fired his service weapon one time at the left rear tire in an attempt to stop plaintiff, but he was unsuccessful. The trooper fell to the highway, striking his head, and remained there while plaintiff fled the scene. Troopers Brinser and Steager later went to plaintiff's home to take him into custody. As they attempted to place plaintiff in custody, plaintiff resisted arrest and fought with the troopers. Plaintiff was taken into custody and prosecuted. On February 15, 2000, plaintiff pled guilty in the Court of Common Pleas of Dauphin County to the crimes of aggravated assault, driving under the influence, and resisting arrest (two counts) in connection with the events of February 4, 1999.

*Disclosures*

    *Witnesses*

        Trooper Scott Brown, PSP
        Trooper Beron Steager, PSP
        Trooper Barry Brinser, PSP
        Vicki Rae Smith, plaintiff's companion
        Adam Walmer, 9784 Jonestown Rd., Grantville, PA

    *Documents*

        PSP Incident Report and attachment
        PSP General Investigation Report and attachments

*Discovery*

        *Depositions— 10*
        *Interrogatories— 30*
        *Document Requests— 2*
        *Admissions— 1*

EXHIBIT A

*Settlement Authority*

    Louis J. Rovelli
    Executive Deputy Attorney General
    15th Floor, Strawberry Square
    Harrisburg, PA 17120
    (717) 783-1471

*Lead Counsel*

    Gregory R. Neuhauser
    Senior Deputy Attorney General
    15th Floor, Strawberry Square
    Harrisburg, PA 17120
    (717) 787-8106