ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDY YORDY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:01-CV-0206** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **SCOTT BROWN, PAUL EVANKO,** | : | |
| **BERON F. STEAGER, AND BARRY L.** | : | |
| **BRINSER, et al.,** | : | |
| **Defendants** | : | |

**FILED**
HARRISBURG

SEP 1 3 200

MARY E. D'ANDREA
Per _____
Deputy Clerk

## DEFENDANTS' MOTION *IN LIMINE*

Defendants, by their counsel, move the Court for an order *in limine*
which precludes plaintiff from introducing into evidence at trial testimony or
documents concerning Defendant Brown's employment history with the
Pennsylvania State Police as it relates to the question whether or not he had been
the subject of any disciplinary proceedings prior to the events about which
plaintiff complains in this action. In support hereof, defendants state as follows:

1.    This is a civil action for damages brought pursuant to 42 U.S.C. § 1983 by plaintiff against members of the Pennsylvania State Police.

2.    The named defendants include three state troopers (Brown, Steager and Brinser) and the Commissioner of the State Police, Paul Evanko.

3.    Plaintiff's complaint alleges that he was assaulted by Trooper Brown on February 4, 1999 during the course of a stop of plaintiff's motor vehicle at a location in Dauphin County, Pennsylvania.  (Cplt. ¶¶ 14-16).  Plaintiff also alleges that he was assaulted at his home later the same day by Troopers Steager and Brinser.  (Cplt. ¶ 19).  Finally, plaintiff alleges that Commissioner Evanko failed to exercise proper control and supervision over Trooper Brown despite, allegedly, knowing that Brown should not have been permitted to continue in police employment. (Cplt. ¶¶ 22-23).

4.    Plaintiff seeks compensatory and punitive damages for what he claims are violations of his constitutional rights under the Fourth and Fourteenth Amendments to the Constitution, (Cplt. ¶¶ 10, 25-42).

5.    Plaintiff has requested in discovery, and defendants have produced, defendant Brown's employment records with the Pennsylvania State Police.

2

6.    While the time for filing of pretrial memoranda has not arrived, and thus defendants cannot be certain of plaintiff's intent, defendants reasonably believe that plaintiff intends to introduce at trial evidence of Brown's prior employment history with the State Police including incidents in which Brown received some notations in his file regarding employment performance.

7.    Defendants reasonably believe that plaintiff intends to use this evidence either to prove that Brown more likely than not violated plaintiff's constitutional rights on February 4, 1999, or that Commissioner Evanko should have known that Brown would have violated plaintiff's constitutional rights during the traffic stop and ensuing encounter.

8.    Such evidence of defendant Brown's employment history prior to February 4, 1999 is immaterial and thus inadmissible on the question whether Brown violated plaintiff's constitutional rights on that date.  F.R.E. 404 (b); Becker v. Arco Chemical Co., 207 F.3d. 176 (3d Cir.2000).

9.    Even if there exists a proper basis for admitting this evidence under Rule 404 (b), its probative value is far outweighed by the prejudicial effect it would have on the jury and should be excluded under F.R.E. 403.

10.    If plaintiff intends to use this evidence to support his theory that Commissioner Evanko should have known that Brown would violate

3

plaintiff's constitutional rights on February 4, 1999, the evidence is immaterial to the only theory of liability permissible against Evanko. Sample v. Diecks, 885 F.2d 1099 (3d Cir.1989).

11.    This so because high-level policymaking officials cannot be held liable under §1983 on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Instead, the high-level policymaker can be held liable only if he establishes a constitutionally inadequate state procedure for depriving people of a protected interest. Sample v. Diecks, 885 F.2d at 1114.

12.    Plaintiff's complaint does not plead a claim against Commissioner Evanko based on such constitutionally inadequate procedure.

13.    Thus, evidence of Brown's employment history is irrelevant to any claim against Commissioner Evanko.

14.    Even if somehow relevant to a claim against Evanko, the evidence's probative value is far outweighed by the prejudicial effect it would have on the jury by creating unfair prejudice or confusion of the issues.

15.    If the evidence were admitted, the only conceivably legitimate purpose would be the limited purpose of notice to Evanko, with the great potential that the jury could use the evidence against Brown or, worse, against Steager and

4

Brinser who are not alleged to have had any connection with Brown, supervisory or otherwise.

    16.    This motion is supported by a memorandum of law to be submitted forthwith.


    WHEREFORE, defendants' motion *in limine* should be granted.


                                                    Respectfully submitted,

                                                    D. MICHAEL FISHER
                                                    Attorney General

                            By:    _Gregory Neuhauser_
                                                    GREGORY R. NEUHAUSER
                                                    Senior Deputy Attorney General

                                                    SUSAN J. FORNEY
                                                    Chief Deputy Attorney General
                                                    Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA    17120
717-787-8106

DATE: September 13, 2002

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDY YORDY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:01-CV-0206** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **SCOTT BROWN, PAUL EVANKO,** | : | |
| **BERON F. STEAGER, AND BARRY L.** | : | |
| **BRINSER, et al.,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF NONCONCURRENCE

Gregory R. Neuhauser, Senior Deputy Attorney General, hereby certifies that concurrence in the foregoing motion was sought but not obtained from counsel for plaintiff.

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY YORDY, | : | |
| **Plaintiff** | : | |
| | : | No. 1:01-CV-0206 |
| v. | : | |
| | : | (Judge Kane) |
| SCOTT BROWN, PAUL EVANKO, | : | |
| BERON F. STEAGER, AND BARRY L. | : | |
| BRINSER, <u>et al.</u>, | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General

for the Commonwealth of Pennsylvania, Office of Attorney General, hereby

certify that on **September 13, 2002,** I caused to be served a true and correct copy

of the foregoing document **Defendants' Motion in Limine,** by depositing it in the

United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
205 State Street
Harrisburg, PA  17101-0808


_____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**