



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY, <br>     Plaintiff <br><br> v. <br><br> SCOTT BROWN, PAUL EVANKO, <br> BERON F. STEAGER, AND BARRY L. <br> BRINSER, <u>et al.</u>, <br>     Defendants | No. 1:01-CV-0206 <br><br> (Judge Kane) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL

On October 22, 2002, plaintiff filed a motion for continuance of trial in December 2002 due to his unavailability occasioned by an inpatient therapeutic treatment program. In his motion, plaintiff requests that this action be re-listed for trial in January or February, 2003.

While defendants have no objection to a continuance of trial, we wish to advise the Court of the pre-existing trial commitment of undersigned counsel in

February 2003 before Magistrate Judge Smyser of this Court in the combined actions captioned *Lloyd v. Earhart*, No. 1:CV-01-2388, and *Miller v. Earhart*, No. 1:CV-01-2389. Attached hereto as **Exhibits A and B** are copies of the case management orders in *Lloyd* and *Miller* demonstrating that trial in the two cases has been set for February 3, 2003.

Accordingly, if this action is removed from the Court's December 2002 trial list, defendants' counsel requests that it not be re-listed for trial in February 2003.

                                                  **Respectfully submitted,**

                                                  **D. MICHAEL FISHER**
                                                  Attorney General

By: _/s/ Gregory R. Neuhauser_
        **GREGORY R. NEUHAUSER**
        Senior Deputy Attorney General

        **SUSAN J. FORNEY**
        Chief Deputy Attorney General
        Chief, Litigation Section

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
717-787-8106

**DATE: October 23, 2002**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BONNIE SUE LLOYD,                    :    CIVIL NO. **1:01-CV-2388**
                                     :
          Plaintiff                  :    (Magistrate Judge Smyser)
                                     :
     v.                              :
                                     :
TROOPER HUGH EARHART,                :
                                     :    FILED
          Defendant                  :    HARRISBURG, PA

**CASE MANAGEMENT ORDER**

MAY 17 2002

MARY E. D'ANDREA, CLERK
Per____

Pursuant to a case management conference held on May 17, 2002, **IT IS ORDERED** that:

1. **Additional Parties**. Additional parties shall be added on or before **July 1, 2002**.

2. **Amended Pleadings**. The final date for amendments to the pleadings is **July 1, 2002**.

3. **Expert Reports**. The plaintiff shall submit expert reports to defendant on or before **November 1, 2002**. The defendant shall submit expert reports to plaintiff on or before **December 2, 2002**. Any supplements to reports shall be provided to other parties on or before **December 2, 2002**.

DEFENDANT'S EXHIBIT A

AO 72A
(Rev.8/82)

4. **Discovery Deadline**. All discovery shall be planned and commenced so as to be completed by **October 1, 2002**.

The maximum number of depositions per side shall be ten (10); the maximum number of interrogatories per party shall be twenty-five (25); the maximum number of document production requests per party shall be two (2) sets; and the maximum number of requests for admissions per side shall be one (1) set.

5. **Dispositive Motions**. Any dispositive motion shall be filed, as well as the supporting brief, on or before **October 15, 2002**.

6. **Motions in Limine**. No motions in limine shall be filed after **January 3, 2003** without leave of court, a supporting brief and a proposal for a briefing schedule that will permit the party opposing the motion to fully and fairly address the issues presented and will permit the court to fully consider and decide the motion.

7. Settlement Conference and Pretrial Conference.

(a) At least ten days prior to the date scheduled for the final pretrial conference, counsel for the parties shall hold the attorneys' conference required by Local Rule

2

AO 72A
(Rev.8/82)

16.3. An attorney who has not entered an appearance as of the date of the LR 16.3(b) conference of attorneys, or who does not attend the LR 16.3(b) conference of attorneys, may not serve as trial counsel, unless good cause is shown to warrant an exception.

**(b)** This conference shall be face-to-face unless the court, upon written request, approves another arrangement. Failure of the plaintiff to initiate the holding of the conference or of the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

**(c)** Each party shall file a pretrial memorandum in conformity with the Rules of Court, M.D.Pa. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed.R.Civ.P. 16(f). Counsel shall submit as an attachment to their pretrial memoranda a list of any proposed voir dire questions they intend to ask, or have the court ask, during voir dire.

**(d)** A final pretrial conference and settlement conference shall be held on **January 16, 2003 at 11:00 a.m.**, in Chambers, Room 1110, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of

3

AO 72A
(Rev.8/82)

another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2. A copy of the local rules may be obtained from the Clerk of the Court by writing: Clerk of Court, Federal Building, P.O. Box 983, Harrisburg, Pennsylvania 17108-0983. The local rules are also available on the Middle District's website: http://www.pamd.uscourts.gov. At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendant shall be required to identify any legal defenses they expect to make. It should be noted that the court expects to hold counsel for both sides to the claims and defenses they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial. Settlement will also be discussed at the pretrial conference. A separate settlement conference will be set upon the request of a party.

8. **Trial**. Trial shall begin with jury selection at **9:30 a.m., on February 3, 2003**, in Courtroom No. 5, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Jury selection in this case will follow the

4

jury selection in Civil Nos. 1:01-CV-2125 and 1:00-CV-1639. The trial in this case will follow the trials in those cases.

Counsel shall file proposed jury instructions in conformity with Local Rule 51. If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial. If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial. Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn. If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial. Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such Clerk's

5

Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

9. **Case Management Track**.  This case is on the standard track.

The court will, in the absence of good cause, adhere to the schedule hereby established. Continuances of trial and extensions of the discovery period will be granted only when good cause arises and application is timely made.  Good cause shall be found only when new circumstances have occurred that could not reasonably have been anticipated and that are of an extraordinary nature.

                                                          /s/ J. Andrew Smyser
                                                          J. Andrew Smyser
                                                          Magistrate Judge

Dated:   May 17, 2002.

6

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN P. MILLER,                  :    CIVIL NO. 1:01-CV-2389
                                 :
         Plaintiff               :    (Magistrate Judge Smyser)
                                 :
    v.                           :
                                 :
TROOPER HUGH EARHART,            :
and TROOPER MARK GREENER,        :
                                 :
         Defendants              :

**FILED**
HARRISBURG, PA

### CASE MANAGEMENT ORDER

MAY 17 2002

MARY E. D'ANDREA, CLERK

Pursuant to a case management conference held on May 17, 2002, **IT IS ORDERED** that:

1. **Additional Parties**. Additional parties shall be added on or before **July 1, 2002**.

2. **Amended Pleadings**. The final date for amendments to the pleadings is **July 1, 2002**.

3. **Expert Reports**. The plaintiff shall submit expert reports to defendant on or before **November 1, 2002**. The defendant shall submit expert reports to plaintiff on or before **December 2, 2002**. Any supplements to reports shall be provided to other parties on or before **December 2, 2002**.

AO 72A
(Rev.8/82)

**DEFENDANT'S EXHIBIT B**

4. **Discovery Deadline**. All discovery shall be planned and commenced so as to be completed by **October 1, 2002**.

The maximum number of depositions per side shall be ten (10); the maximum number of interrogatories per party shall be twenty-five (25); the maximum number of document production requests per party shall be two (2) sets; and the maximum number of requests for admissions per side shall be one (1) set.

5. **Dispositive Motions**. Any dispositive motion shall be filed, as well as the supporting brief, on or before **October 15, 2002**.

6. **Motions in Limine**. No motions in limine shall be filed after **January 3, 2003** without leave of court, a supporting brief and a proposal for a briefing schedule that will permit the party opposing the motion to fully and fairly address the issues presented and will permit the court to fully consider and decide the motion.

7. **Settlement Conference and Pretrial Conference**.

(a) At least ten days prior to the date scheduled for the final pretrial conference, counsel for the parties shall hold the attorneys' conference required by Local Rule

2

16.3. An attorney who has not entered an appearance as of the date of the LR 16.3(b) conference of attorneys, or who does not attend the LR 16.3(b) conference of attorneys, may not serve as trial counsel, unless good cause is shown to warrant an exception.

    **(b)** This conference shall be face-to-face unless the court, upon written request, approves another arrangement. Failure of the plaintiff to initiate the holding of the conference or of the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

    **(c)** Each party shall file a pretrial memorandum in conformity with the Rules of Court, M.D.Pa. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed.R.Civ.P. 16(f). Counsel shall submit as an attachment to their pretrial memoranda a list of any proposed voir dire questions they intend to ask, or have the court ask, during voir dire.

    **(d)** A final pretrial conference and settlement conference shall be held on **January 16, 2003 at 11:00 a.m.**, in Chambers, Room 1110, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of

3

another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2. A copy of the local rules may be obtained from the Clerk of the Court by writing: Clerk of Court, Federal Building, P.O. Box 983, Harrisburg, Pennsylvania 17108-0983. The local rules are also available on the Middle District's website: http://www.pamd.uscourts.gov. At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendant shall be required to identify any legal defenses they expect to make. It should be noted that the court expects to hold counsel for both sides to the claims and defenses they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial. Settlement will also be discussed at the pretrial conference. A separate settlement conference will be set upon the request of a party.

8. **Trial.** Trial shall begin with jury selection at **9:30 a.m., on February 3, 2003,** in Courtroom No. 5, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Jury selection in this case will follow the

4

AO 72A
(Rev.8/82)

jury selection in Civil Nos. 1:01-CV-2125 and 1:00-CV-1639. The trial in this case will follow the trials in these cases.

Counsel shall file proposed jury instructions in conformity with Local Rule 51. If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial. If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial. Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn. If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial. Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such Clerk's

5

AO 72A
(Rev.8/82)

Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

    9. **Case Management Track**. This case is on the standard track.

The court will, in the absence of good cause, adhere to the schedule hereby established. Continuances of trial and extensions of the discovery period will be granted only when good cause arises and application is timely made. Good cause shall be found only when new circumstances have occurred that could not reasonably have been anticipated and that are of an extraordinary nature.

                                                         J. Andrew Smyser
                                                         Magistrate Judge

Dated: May *17*, 2002.

6

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY, :
    Plaintiff :
  : No. 1:01-CV-0206
v. :
  : (Judge Kane)
SCOTT BROWN, PAUL EVANKO, :
BERON F. STEAGER, AND BARRY L. :
BRINSER, et al., :
    Defendants :

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **October 23, 2002**, I caused to be served a true and correct copy of the foregoing document **Defendants' Response to Plaintiff's Motion for Continuance of Trial,** by depositing it in the United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown & Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA  17110

                                                *[signature]*
                                          **GREGORY R. NEUHAUSER**
                                          **Senior Deputy Attorney General**