ORIGINAL

FILED
HARRISBURG, PA

NOV 01 2002

MARY E. D'ANDREA, CLERK
Per _____
         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,
    Plaintiff

v.

No. 1:01-CV-0206

(Judge Kane)

SCOTT BROWN, PAUL EVANKO,
BERON F. STEAGER, AND BARRY L.
BRINSER, et al.,
    Defendants

### REPLY MEMORANDUM FOR DEFENDANTS ON THEIR MOTION *IN LIMINE*

**Introduction**

In this civil action for damages brought pursuant to 42 U.S.C. §1983 against the Commissioner of the Pennsylvania State Police and three State Troopers, defendants have filed a motion *in limine* seeking to exclude certain evidence from trial relating to one of the troopers' employment records with the State Police. In particular, the motion seeks an order precluding the introduction of evidence, whether in the form of testimony or exhibits, regarding whether

Trooper Brown had been the subject of any disciplinary proceedings prior to the February 1999 events about which plaintiff complains in this case. Plaintiff has opposed the motion *in limine* with a brief accompanied by certain exhibits. This memorandum is submitted by defendants in reply.

**Reply Argument**

As we pointed out in our principal brief, the governing standard for the admissibility of evidence of other wrongs or acts in this Circuit is provided by Becker v. Arco Chemical Co., 207 F.3d 176 (3d Cir. 2000). In Becker, the Court of Appeals provided a specific set of criteria that must be met in order for a proponent of evidence, such as the plaintiff in this case, to meet the admissibility standard. Plaintiff's brief in opposition does not even discuss Becker, much less demonstrate how its criteria are satisfied. The Court, therefore, should grant defendants' motion *in limine*.

1. The proposed evidence consists of three disciplinary notations in Trooper Brown's employment file with the Pennsylvania State Police. Plaintiff's brief in opposition to the motion *in limine* all but concedes that the evidence is inadmissible on plaintiff's claim against Brown and his fellow troopers, Brinser and Steager. Indeed, plaintiff makes no argument whatsoever as to how the proposed evidence would be material to a claim of assault by Steager

and Brinser and, as to the claim against Brown, plaintiff's brief merely offhandedly suggests that "it may be true that such evidence is admissible under FRE 404(b)" (Plaintiff's Brief at 10), but provides no additional argument.

As the Court made clear in Becker, the obligation to establish admissibility lies with the proponent of the evidence, and simply reciting the provisions of Rule 404(b) is inadequate. 207 F.3d at 193. Rather, as the Court held, the proponent "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be that the defendant has the propensity to commit the [act or wrong alleged]." Id. at 191. The "tendered evidence [must] logically [tend] to establish or refute a material fact in issue, and that chain of logic must include no link involving an inference that a bad person is disposed to do bad acts." Government of the Virgin Islands v. Pinney, 967 F.2d 912, 915 (3d Cir. 1992).

Here, plaintiff's argument, including his suggestion of Brown's "recurring motive to profit" from "altercations" with the public, is classic propensity argument. Does plaintiff seriously suggest the existence of a plan or scheme to expose oneself to physical danger or death[1] in order later to file a

---

[1]Although the Court does not have the benefit of a full exposition of the facts of the roadside altercation between plaintiff and Trooper Brown, the Court may take judicial notice that
(FOOTNOTE CONT'D)

3

lawsuit and possibly recover damages from a member of the public? If so, the suggestion defies common sense. More importantly, however, this proposed connection between incidents is "the very evil that Rule 404(b) seeks to prevent." Becker, 207 F.3d at 191, *quoting* U.S. v. Morley, 199 F.3d 129,134 (3d Cir 1999). The evidence of Trooper Brown's "manner" when he interacted with one or two other members of the public is "simply not relevant" on the issue of how he interacted with plaintiff on February 4, 1999, absent an inference that he had a "propensity" to act in a certain way and that he acted "in conformity with [his] prior [alleged] conduct." Becker, 207 F.3d at 191.

Furthermore, under Becker, the Court is required to apply the Rule 403 balancing test and weigh the probative value of the proffered evidence against its potential for unfair prejudice. 207 F.3d at 189. In his brief, plaintiff suggests

---

plaintiff pled guilty on February 15, 2000 in the Court of Common Pleas of Dauphin County to the crimes of aggravated assault, driving under the influence and resisting arrest (two counts) in connection with the traffic stop by Trooper Brown and being taken into custody by Troopers Brinser and Steager. At the hearing, plaintiff pled guilty to the following with respect to the incident with Trooper Brown:
> ...you did cause or attempt to cause bodily injury to a police officer, which is Trooper Scott Brown of the Pennsylvania State Police, and what you did is you got into a fight with Trooper Brown about the time of the arrest. And at some point right before the two of you parted company, *he was dragged by you in your car for some number of feet.*

(Transcript of Proceedings, Com. v. Yordy, No. 685 C.D. 1999, 2/15/2000, p. 7; filed with this Court on 3/12/2001 as Exhibit A in Support of Defendants' Motion to Dismiss the Complaint, Docket Entry #10)(emphasis added).

4

in a footnote (p.11 n.4) that the danger of mini-trials on the disciplinary incidents is a "red herring." Plaintiff's suggestion is without merit for several reasons. First, it cannot be a "red herring" because the Court of Appeals in Becker has instructed the District Courts to take "great care" when considering the admissibility of this kind of evidence, id. at 207, and specifically has required the Rule 403 analysis. Second, plaintiff's own brief shows how each of the proffered disciplinary incidents was fact-driven and the subject of litigation, whether civil or labor arbitration. This clearly demonstrates how the incidents are subject to different interpretations and would have to be explored more fully than plaintiff's brief suggests in order for the jury to fairly evaluate the context of the incidents. *See* Coleman v. Home Depot, Inc., —F.3d—, 2002 WL 31255736*9 (Oct. 9, 2002)(even where proffered evidence is presumptively probative, undue delay, waste of time or needless presentation of contrary evidence to counter its effect may control and render evidence inadmissible). Finally, if, as plaintiff suggests, an "appropriate inquiry" into the particulars of the other incidents is "brief" (Plaintiff's Brief, p.11 n.4), one wonders why it was necessary for plaintiff to devote seven pages of his brief to a recitation of the underlying incidents and to attach 80 pages of exhibits to explain them to the Court. Plaintiff's argument plainly proves too much; if evidence of these other incidents is admitted, there

5

would have to be contrary evidence and great danger of confusion, unfair prejudice or unnecessary mini-trials, all of which would detract from the real issues in the case.

Accordingly, plaintiff has failed to demonstrate how the proposed evidence of Trooper Brown's personnel record notations fits into a logical chain of inferences relating to the February 1999 event between plaintiff and Brown without involving a propensity argument or otherwise creating unnecessary confusion and delay. As such, the evidence should be inadmissible on the issue whether Troopers Brown, Steager or Brinser violated plaintiff's constitutional rights in February 1999. <u>Becker</u> 207 F.3d at 192; <u>Morley</u>, 199 F.3d at 134-37.

2.   The second reason presented by plaintiff in support of the admissibility of the employment records is his contention that Trooper Brown's three disciplinary notations[2] are relevant to plaintiff's claim against Commissioner Evanko. Plaintiff argues that Commissioner Evanko is "directly responsible" for the claimed violation of plaintiff's constitutional rights by Brown during the traffic stop on February 4, 1999, and posits three theories: 1) Evanko had

---

[2]Notwithstanding plaintiff's penchant for going into great detail with his version of the facts underlying the disciplinary notations, the fact remains that between 1991-99 Trooper Brown received a total of two (2) reprimands and a one (1) day deduction from his leave accrual.

6

"supervisory control" over Brown; 2) Evanko exhibited "deliberate indifference" to the public, and 3) Evanko created a danger which resulted in plaintiff's claimed harm. (Plaintiff's Brief at 10). While at first blush these three theories appear plausible on their face, an examination reveals they do not withstand analysis.

In the first place, there is no evidence that the Commissioner of the State Police has "supervisory control" over any line trooper on the highway, including Trooper Brown. In an agency the size of the Pennsylvania State Police, in which there are over 4300 uniformed troopers statewide, it is ludicrous to suggest that the cabinet-level administrator could have supervisory control — either in fact or in law — over all troopers in the field. This argument is the equivalent of saying that the Secretary of Transportation, for example, has supervisory control over the employee who directs traffic around a construction zone on one of state's many highways. Such an argument defies common sense but, more importantly, is contrary to settled §1983 jurisprudence. *See*, e.g., Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997); Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998). Despite plaintiff's contention to the contrary, his argument is a classic *respondeat superior* theory which is impermissible. Id.

Plaintiff's second and third theories actually are one. This is so

because there cannot be a separate Fourteenth Amendment claim for "deliberate indifference" in this context absent knowledge and acquiescence *or* a state-created danger.[3] As the Supreme Court has made clear, the state-created danger theory is a narrow exception to the general proposition that the Fourteenth Amendment does not require the State to protect its citizens from each other. DeShaney v. Winnebago County Dept. Of Social Services, 489 U.S. 189,197 (1989). The theory may apply, however, if:

> 1) the harm ultimately caused was foreseeable and fairly direct; 2) the state actor acted in willful disregard for the safety of the plaintiff; 3) there existed some relationship between the state and the plaintiff; and 4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's [actions] to occur.

Pearson v. Miller, 988 F. Supp. 848, 853 (M.D.Pa.1997), *quoting* Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996) and Mark v. Borough of Hatboro, 51 F.3d 1137, 1152 (3d Cir. 1995). Furthermore, liability may arise under the state-created danger theory only if the state agent sought to be held liable knowingly placed the plaintiff, in particular, in a position where he or she was likely to come

---

[3] Of course, plaintiff's complaint does not even plead the requirements of the state-created danger theory. Instead, it simply claims that Commissioner Evanko failed to exercise proper supervision and failed to protect the public.

to harm and created (or substantially contributed to) the circumstances which caused the injury suffered. Pearson, 988 F. Supp. at 853, citing Kneipp, 95 F.3d at 1208. As the Court has stated:

> Merely creating a situation which exposed the public in general to an obvious hazard or risk of harm is not enough. The risk of harm must be particular to the plaintiff, and the harm must be foreseeable, a requirement the Third Circuit has labeled the "foreseeable plaintiff" requirement.

Pearson, supra, citing Morse v. Lower Merion School District, 132 F. 3d 902, 912 n. 11 (3d Cir. 1997).

Thus, even assuming for purposes of this argument that all the other criteria were satisfied for the state-created danger theory, plaintiff can make no showing that the claimed risk of harm from Brown was particular to the plaintiff himself. The entire general public, or even the entire motoring public, cannot qualify as foreseeable plaintiffs because, if so, the foreseeability prong would have no limits. Indeed, there can be no showing of a relationship between the state and plaintiff, other than he was a motorist who was stopped for vehicle code violations by a trooper.

The law requires certain specific elements to be met in order for a plaintiff to proceed under the state-created danger exception to the DeShaney rule.

9

As the proponent of the admissibility of the challenged evidence, it is plaintiff's burden to show how the evidence is admissible. Plaintiff has made no showing that any of his theories against Commissioner Evanko are viable. Defendants' motion *in limine*, therefore, should be granted.

**Conclusion**

For the above-stated reasons and those presented in their brief filed September 23, 2002, defendants' motion *in limine* should be granted.

                    **Respectfully submitted,**

                    **D. MICHAEL FISHER**
                    Attorney General

By: _/s/ Gregory Neuhauser_
                    **GREGORY R. NEUHAUSER**
                    Senior Deputy Attorney General

                    **SUSAN J. FORNEY**
                    Chief Deputy Attorney General
                    Chief, Litigation Section

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

**DATE: November 1, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,
    Plaintiff

v.

SCOTT BROWN, PAUL EVANKO,
BERON F. STEAGER, AND BARRY L.
BRINSER, et al.,
    Defendants

No. 1:01-CV-0206

(Judge Kane)

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **November 1, 2002** I caused to be served a true and correct copy of the foregoing document **Reply Memorandum for Defendants on Their Motion in Limine** by depositing it in the United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown and Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA 17110

*[signature]*
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**