

11-13-02
SC

ORIGINAL

FILED
HARRISBURG, PA

NOV 1 2 2002

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,                        :
      Plaintiff                   :
                          :    No. 1:01-CV-0206

      v.                          :
                          :    (Judge Kane)

SCOTT BROWN, PAUL EVANKO,           :
BERON F. STEAGER, AND BARRY L.      :
BRINSER, et al.,                    :
      Defendants                  :

## DEFENDANT'S MOTION FOR LEAVE
## TO FILE MOTION FOR SUMMARY JUDGMENT

Defendant, Paul Evanko, Commissioner of the Pennsylvania State

Police, by his counsel, moves the Court for leave to file a motion for summary

judgment in the above-captioned action, and in support hereof states as follows:

        1.    This is a civil action for damages brought pursuant to 42 U.S.C.

§1983 against three Pennsylvania State Troopers, Brown, Steager and Brinser, and

the Commissioner of the State Police, Paul Evanko.  The case is on the Court's

January 2003 trial list.

2.    Plaintiff's claim against the three troopers is that they used excessive physical force against him on February 4, 1999, in connection with a traffic stop of plaintiff's motor vehicle and his subsequent arrest and detention.

3.    The claim against Commissioner Evanko is different; plaintiff's claim against defendant Evanko is that he failed to exercise appropriate supervisory control over Trooper Brown or otherwise failed to protect the motoring public from Trooper Brown.  (Complaint at ¶¶ 23-24).

4.    Although the deadline for dispositive motions in this case has passed, defendant Evanko desires to file a motion for summary judgment.

5.    Because of the parties' counsel's schedules and the schedule of defendant Evanko himself, plaintiff's deposition of defendant Evanko was not able to be taken until November 1, 2002.

6.    If defendant Evanko had filed a motion for summary judgment by the deadline for dispositive motions but before counsel for plaintiff had had the opportunity to depose the defendant, plaintiff certainly would have requested additional time to respond to the summary judgment motion under Fed. R.Civ. P. 56(f) and defendant would have had to concur in plaintiff's request.

7.    The transcript of defendant Evanko's deposition should be available by November 15, 2002.

8.    Undersigned counsel for defendants believes that, with the Court's consideration of a motion for summary judgment, the claim against defendant Evanko may be resolved or the issues may be more narrowly focused which could conserve judicial and litigant resources at trial.

9.    This is so because at present there are three separate claims in this action: 1) the claim that Trooper Brown used excessive force when stopping plaintiff along the highway and unsuccessfully attempting to place him into custody (Complaint, ¶¶ 14-17); 2) the claim that Troopers Steager and Brinser used excessive force when they went to plaintiff's home later the same evening to place plaintiff into custody (Complaint, ¶¶ 19-20); and 3) the claim that Commissioner Evanko failed to exercise appropriate supervisory control over Trooper Brown or otherwise to protect the public from Brown so as to prevent the alleged harm to plaintiff.  (Complaint, ¶¶ 23-24).

10.    Thus, if Commissioner Evanko's motion for summary judgment were considered by the Court, the claim against him could be eliminated which would leave only the two claims of excessive force for the jury's consideration.

11.    Even if Commissioner Evanko's motion for summary judgment were not granted, the issues with respect to the claim against him could be properly focused or narrowed.

12.    The parties' counsel disagree as to the proper standard for a §1983 claim against a high-level official such as Commissioner Evanko. (*Compare* Memorandum in Support of Defendants' Motion *in Limine*, Dkt. Entry 31, filed 9/23/02; Brief by Plaintiff in Opposition to Defendants' Motion *in Limine*, Dkt. Entry 37, filed 10/24/02; Reply Memorandum for Defendants, Dkt. Entry 39, filed 11/01/02).

13.    Thus, by considering a motion for summary judgment, the Court could resolve a claim in this action or, at a minimum, focus the issues with respect to that claim for the benefit of the jury and the parties' counsel.

14.    If leave is granted, counsel for defendants will file the motion for summary judgment and supporting documents promptly so as not to delay the Court's consideration of the motion before the final pretrial conference on December 18, 2002.

15.    The Court possesses great discretion to manage its docket and pretrial proceedings. *See* <u>Trustees of University of Pennsylvania v. Lexington Ins. Co.</u>, 815 F.2d 890, 911 n. 17 (3d Cir. 1987).

16.    While defendants understand the value of pretrial deadlines to the management of cases, defendants submit that, under the circumstances presented, the Court should exercise its discretion to grant leave to defendant Evanko to file a motion for summary judgment past the dispositive motions deadline.

WHEREFORE, defendant's motion for leave to file a motion for summary judgment should be granted.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By:   _____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA   17120**
**717-787-8106**

**DATE: November 12, 2002**

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDY YORDY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:01-CV-0206** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **SCOTT BROWN, PAUL EVANKO,** | : | |
| **BERON F. STEAGER, AND BARRY L.** | : | |
| **BRINSER, et al.,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF NONCONCURRENCE

Gregory R. Neuhauser, Senior Deputy Attorney General, hereby certifies

that concurrence in the foregoing motion was sought but not obtained from

counsel for plaintiff, Spero T. Lappas, Esquire.

_____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,
        Plaintiff

          v.

SCOTT BROWN, PAUL EVANKO,
BERON F. STEAGER, AND BARRY L.
BRINSER, et al.,
        Defendants

No. 1:01-CV-0206

(Judge Kane)

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General

for the Commonwealth of Pennsylvania, Office of Attorney General, hereby

certify that on **November 12, 2002,** I caused to be served a true and correct copy

of the foregoing document **Defendants' Motion for Leave to File Motion for**

**Summary Judgment,** by depositing it in the United States mail, first-class

postage prepaid to the following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown and Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA  17110

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**