**ORIGINAL**

FILED
HARRISBURG, PA
NOV 21 2002
MARY E. D'ANDREA, CLERK
Per_____ RB
         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,
      Plaintiff

V.                                     CIVIL ACTION 1:01-CV-0206

SCOTT BROWN,                 JURY TRIAL DEMANDED
individually
and in his official capacity
as an employee and agent of
the PENNSYLVANIA STATE POLICE    JUDGE KANE ✓
      Defendant

PAUL EVANKO,
individually
and in his official capacity
as an employee and agent of
the PENNSYLVANIA STATE POLICE
      Defendant, et alii

**PLAINTIFF'S BRIEF IN OPPOSTION TO DEFENDANT'S MOTION FOR RELIEF TO FILE MOTION FOR SUMMARY JUDGMENT**

1

The Plaintiff opposes the Defendant's request for leave to file Motion for Summary Judgment.

Although it is true that the Court has the discretion to grant this Motion, the filing of a Motion for Summary Judgment at this late date will almost certainly cause a further and unwarranted delay in the trial of this action. The scheduled trial start date is less than two months in the future, and if a Motion were filed now, it would be almost impossible to brief it properly and for the Court to have sufficient time to decide the Motion before January.

Furthermore, the Defendant's basic argument in favor of filing a Motion now appears to be that he might win that Motion. This seems to be the argument the Defendant makes in the guise of properly focusing or narrowing the Plaintiff's claim against Evanko (paragraph 11) and resolving or at a minimum focusing the issues (paragraph 13). Nothing has happened in this case from the date of the filing of the complaint to today to change the Plaintiff's theory against Commissioner Evanko, nor the Commissioner's defense to this claim. This is not the kind of situation where additional evidence has been uncovered since the dispositive motions deadline, there has been a change in the law, or some other intervening event that makes a Summary Judgment more appropriate now than it was before.

Defense counsel is correct that Plaintiff and Defendant disagree as to the extent and nature of Commissioner Evanko's liability. However, this is not a reason to file a tardy Motion for Summary Judgment; as a matter of fact, these issues have been effectively presented to the Court via the Motion *In Limine*. The Court's decision on that Motion will no doubt provide the guidance and focus in which the Defendant seeks.

Finally, nowhere in the Defendant's Motion or Memorandum is there argued any significant reason to expect that the Defendant will prevail on a Motion for Summary Judgment, nor that he even has an arguable issue to present to the Court. The Plaintiff believes that under firmly established rules of law, Evanko is liable to Plaintiff, subject to only the matters of proof.

Therefore, the Plaintiff requests that the Court deny the Defendant's Motion for Relief to file a Motion for Summary Judgment.

Respectfully submitted,

SERRATELLI, SCHIFFMAN, BROWN
&  CALHOON, PC

BY: _____
Spero T. Lappas, Esquire
I.D. No. 25745
Suite 201, 2080 Linglestown Road
Harrisburg, PA 17110
(717) 540-9170
Attorney for Plaintiff

3

## CERTIFICATE OF SERVICE

I, Spero T. Lappas, Esquire, hereby certify that I have served a true and correct copy of the foregoing document by depositing such in the regular U.S. Mail, addressed as follows:

Gregory Neuhauser, Esquire
Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120

Spero T. Lappas, Esquire
I.D. No. 25745
Suite 201, 2080 Linglestown Road
Harrisburg, PA 17110
(717) 540-9170
Attorney for Plaintiff

Date: 11/20, 2002

4