IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY, <br>     Plaintiff | : <br> : <br> :    No. 1:01-CV-0206 |
| v. | : <br> :    (Judge Kane) |
| SCOTT BROWN, PAUL EVANKO, <br> BERON F. STEAGER, AND BARRY L. <br> BRINSER, et al., <br>     Defendants | : <br> : <br> : <br> : |

**MEMORANDUM IN SUPPORT OF
DEFENDANT EVANKO'S MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF THE CASE**

This is a civil action for damages brought pursuant to 42 U.S.C. §1983 by plaintiff, Randy Yordy, against several members of the Pennsylvania State Police. The named defendants include three state troopers (Brown, Steager and Brinser), and the Commissioner of the State Police, Col. Paul Evanko. The case is on the Court's January 2003 trial list.

Commissioner Evanko has filed a motion for summary judgment

accompanied by a statement of material facts and a set of documentary exhibits. This memorandum of law is submitted in support of the Commissioner's motion for summary judgment.[1]

## STATEMENT OF FACTS

Plaintiff was convicted in the Court of Common Pleas of Dauphin County, Pennsylvania on February 15, 2000, of the offenses of aggravated assault, driving under the influence and resisting arrest (two counts) in connection with a traffic stop by a member of the State Police on February 4, 1999, and the subsequent arrest of plaintiff after he fled the scene. (SMF 1). He claims that his constitutional rights were violated by the trooper who made the traffic stop (Tpr. Brown) and by the two troopers (Steager and Brinser) who took him into custody because they used excessive physical force. (SMF 3).

Moving defendant is Paul J. Evanko, Commissioner of the Pennsylvania State Police. (SMF 2). Plaintiff claims that Commissioner Evanko is liable because he failed to exercise proper control and supervision over Trooper Brown despite, allegedly, knowing that Brown should not have been permitted to

---

[1] At the outset, we recognize that this motion is filed past the deadline for dispositive motions set by the Court's case management order. We have filed a motion for leave to submit this motion for summary judgment and, although the Court has not issued its decision on the motion for leave, we have filed the motion for summary judgment and supporting documents so as not to delay consideration by the Court in the event it grants the motion for leave.

2

continue in police employment. (SMF 4). Commissioner Evanko has been the Commissioner of the State Police since February 1995. (SMF 6). In this capacity, he is the highest ranking member of the State Police and is a member of the Governor's Cabinet. (SMF 8). He exercises responsibility over the administration and command of the State Police and its budget. (SMF 7).

Discipline of members of the State Police is delegated to the Deputy Commissioner of Operations through the Department Disciplinary Officer. (SMF 9). Although the Commissioner may be made aware of significant violations of Department regulations by troopers, he is not made aware of the affected trooper's name in such cases because he may be called upon to make a final decision on court-martial. (SMF 10). Knowledge of the identity of the trooper and other background information could prejudice the Commissioner's ultimate decision on dismissal. (SMF 10.).

Commissioner Evanko had no personal involvement in nor knowledge of any of the personnel notations made against Trooper Brown prior to the events about which plaintiff complains in this case.[2] (SMF 11).

---

[2]As noted in the Memorandum in Support of Defendants' Motion *in Limine* filed September 23, 2002, the personnel notations from Trooper Brown's file between 1991-99 involved a total of two reprimands and a one-day deduction from his leave accrual for events occurring in 1994, 1997 and 1998. (*See* Memorandum in Support of Defendants' Motion *in Limine*, p.3, and documents cited).

3

## QUESTION PRESENTED

**Whether the undisputed facts demonstrate that Commissioner Evanko is entitled to judgment as a matter of law on plaintiff's §1983 claim against him?**

## ARGUMENT

### THE UNDISPUTED FACTS DEMONSTRATE THAT COMMISSIONER EVANKO IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S §1983 CLAIM AGAINST HIM.

Plaintiff claims that Commissioner Evanko is liable to him under 42 U.S.C. §1983 because, it is alleged, the Commissioner failed to exercise proper control and supervision over Trooper Brown, one of the troopers who allegedly used excessive force upon plaintiff, despite supposedly knowing that Brown should not have been permitted to continue in police employment. (Complaint, ¶¶ 22-23). Although plaintiff's theory against Commissioner Evanko is not spelled out in the complaint, the undisputed facts demonstrate that the Commissioner is entitled to judgment as a matter of law on a §1983 claim. As such, the Commissioner's motion for summary judgment should be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

A high-level policymaker such as the Commissioner of the State Police cannot be held liable under 42 U.S.C. §1983 on a theory of *respondeat*

4

*superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir 1988). The law is clear that §1983 liability requires personal involvement in or actual knowledge of and acquiescence in the offending conduct. Id. Absent such personal knowledge or involvement, a high-level policymaker may be held liable under §1983 only if he or she establishes a constitutionally inadequate state procedure for depriving persons of a protected interest, Sample v. Diecks, 885 F.2d 1099, 1114 (3d Cir 1989), or, in limited circumstances, under a "state-created danger" theory. Pearson v. Miller, 988 F. Supp. 848, 853 (M.D. Pa. 1997). None of these theories is applicable to this case.

The facts are undisputed that Commissioner Evanko had no personal involvement in nor knowledge of any of the personnel notations made against Trooper Brown prior to plaintiff's arrest in February 1999. The Commissioner is not alleged to have participated in nor to have had knowledge that Brown was going to violate plaintiff's rights in February 1999 even assuming Brown did so. The Commissioner thus cannot be held liable under §1983 unless plaintiff's claim is based upon a constitutionally inadequate procedure that deprives plaintiff of a protected interest or the state-created danger theory, neither of which is pled in the complaint filed by plaintiff.

Even if plaintiff's complaint could be construed to raise the

constitutionally inadequate procedure theory or the state-created danger theory, they do not assist plaintiff. Matters of discipline are delegated by the Commissioner to the Deputy Commissioner of Operations through the Department Disciplinary Officer. Although the Commissioner may be made aware of significant violations of Department regulations by troopers, he is not made aware of the troopers' name in such cases because he may be called upon to make a final decision on a court-martial and prior knowledge could prejudice his ultimate decision. Thus, even assuming that the personnel notations against Trooper Brown were significant enough to have been brought to the Commissioner's attention, there are valid reasons why the Commissioner did not know and would not have known Brown's name. Furthermore, plaintiff cannot demonstrate that the procedure for trooper discipline is constitutionally inadequate based on one trooper's isolated situation. Giving plaintiff the benefit of the doubt on this theory, the most that can be said is that the system worked to impose discipline where warranted and where a labor relations arbitrator agreed.[3]

Finally, if plaintiff is permitted to pursue the "state-created danger"

---

[3] As the exhibits submitted in support of Defendants' Motion *in Limine* demonstrate, the discipline issues were taken to arbitration following labor relations grievances filed by the trooper pursuant to the collective bargaining agreement between the Commonwealth and the union representing the troopers.

6

theory despite it's not being pled in the complaint, it is unavailing in this case. As the Supreme Court has made clear, the state-created danger theory is a narrow exception to the general proposition that the Fourteenth Amendment does not require the State to protect its citizens from each other. DeShaney v. Winnebago County Dept. Of Social Services, 489 U.S. 189,197 (1989). The theory may apply, however, if:

> 1) the harm ultimately caused was foreseeable and fairly direct; 2) the state actor acted in willful disregard for the safety of the plaintiff; 3) there existed some relationship between the state and the plaintiff; and 4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's [actions] to occur.

Pearson v. Miller, 988 F. Supp. at 853, *quoting* Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996) and Mark v. Borough of Hatboro, 51 F.3d 1137, 1152 (3d Cir. 1995). Furthermore, liability may arise under the state-created danger theory only if the state agent sought to be held liable knowingly placed the plaintiff, in particular, in a position where he or she was likely to come to harm and created (or substantially contributed to) the circumstances which caused the injury suffered. Pearson, 988 F. Supp. at 853, *citing* Kneipp, 95 F.3d at 1208. As the Court has stated:

> Merely creating a situation which exposed the public in

7

> general to an obvious hazard or risk of harm is not enough. The risk of harm must be particular to the plaintiff, and the harm must be foreseeable, a requirement the Third Circuit has labeled the "foreseeable plaintiff" requirement.

Pearson, supra, citing Morse v. Lower Merion School District, 132 F. 3d 902, 912 n. 11 (3d Cir. 1997).

Thus, even assuming for purposes of this argument that all the other criteria were satisfied for the state-created danger theory, plaintiff can make no showing that the claimed risk of harm from Trooper Brown was particular to the *plaintiff* himself. The entire general public, or even the entire motoring public, cannot qualify as foreseeable plaintiffs because, if so, the foreseeability prong would have no limits. Indeed, there can be no showing of a relationship between the state and plaintiff, other than he was a motorist who was stopped for vehicle code violations by a trooper.

The law requires certain specific elements to be met in order for a plaintiff to proceed under the state-created danger exception to the DeShaney rule. Plaintiff cannot demonstrate the criteria are met in this case. Accordingly, the motion for summary judgment of the Commissioner of the State Police should be granted. Celotex Corp. v. Catrett, 477 U.S. at 323-24.

## CONCLUSION

For the above-stated reasons, the motion for summary judgment of defendant Paul Evanko should be granted.

                                          Respectfully submitted,

                                          D. MICHAEL FISHER
                                          Attorney General

By: _____
        GREGORY R. NEUHAUSER
        Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

DATE: December 3, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,
    Plaintiff

v.

SCOTT BROWN, PAUL EVANKO,
BERON F. STEAGER, AND BARRY L.
BRINSER, et al.,
    Defendants

No. 1:01-CV-0206

(Judge Kane)

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **December 3, 2002**, I caused to be served a true and correct copy of the foregoing document **Memorandum in Support of Defendant Evanko's Motion for Summary Judgment,** by depositing it in the United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown & Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA  17110

_____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**