ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY, :
    Plaintiff :
 : No. 1:01-CV-0206
v. :
 : (Judge Kane)
SCOTT BROWN, PAUL EVANKO, :
BERON F. STEAGER, AND BARRY L. :
BRINSER, et al., :
    Defendants :

**PRETRIAL MEMORANDUM FOR DEFENDANTS**

Counsel for the parties met and conferred on December 12, 2002.

A. **Jurisdiction**

Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331 and 1343.

B. **Summary of Facts and Contentions**

Plaintiff contends that on February 4, 1999, State Troopers Brown, Steager and Brinser violated his Fourth Amendment right to freedom from excessive force

when plaintiff's motor vehicle was stopped by Trooper Brown and a confrontation occurred, and when Troopers Steager and Brinser took plaintiff into custody a short time later at plaintiff's home. Plaintiff also claims that State Police Commissioner Evanko violated his rights by failing to exercise proper control and supervision over Trooper Brown. Plaintiff seeks compensatory and punitive damages.

Defendants acknowledge that physical force was used to apprehend and control plaintiff, but deny that the force was excessive under the circumstances or that they otherwise violated plaintiff's constitutional rights. Consequently, they maintain that plaintiff is entitled to no damages.

C.   **Statement of Undisputed Facts**

None submitted.

D.   **Damages**

Plaintiff seeks compensatory and punitive damages from defendants. Defendants maintain that plaintiff is entitled to no damages.

2

E. **Witnesses**

1. Scott Brown, PSP
2. Beron Steager, PSP
3. Barry Brinser, PSP
4. Paul Evanko, PSP
5. Barry Titler, PSP
6. Randy Yordy
7. Vicki Rae Smith
8. Stephen Caruso, PSP
9. Jody Miller, PSHMC
10. Michael Marrone, PSP
11. Adam Walmer

F. **Summary of Expert Testimony**

Not applicable.

G. **Special Comment about Pleadings and Discovery**

No special comment.

H. **Summary of Legal Issues and Authorities**

1. Whether plaintiff can satisfy his burden to show that the use of physical force by the police officers was not objectively reasonable.

    Mellott v. Heemer, 161 F.3d 117 (3d Cir 1998).
    Graham v. Connor, 490 U.S. 326 (1989).
    Sharrar v. Felsing, 128 F.3d 810 (3d Cir 1997).

2. Whether plaintiff can establish a viable claim under §1983 against a high-level official such as Commissioner Evanko.

   Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir 1988).
   Sample v. Diecks, 885 F.2d 1099 (3d Cir 1989).
   Kneipp v. Tedder, 95 F.3d 1199 (3d Cir 1996).
   Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir 1997).

3. Whether evidence of felony convictions is admissible for impeachment under F.R.E. 609.

   Stutzman v. CRST, Inc., 997 F.2d 291 (7th Cir 1993).
   United States v. Brown, 956 F.2d 782 (8th Cir 1992).
   Diggs v. Lyons, 741 F. 2d 577 (3d Cir 1984),
         cert. denied, 105 S.Ct. 2157 (1985).

4. Whether plaintiff can satisfy his burden on a punitive damages claim to show a violation of constitutional rights and that a defendant's actions were so extraordinary that he should be punished for malicious conduct.

   Memphis Community School District v. Stachura,
         477 U.S. 299, 306 (1986).
   Smith v. Wade, 461 U.S. 30 (1983).

I. **Stipulations Desired**

Documents are authentic and photocopies may be used in lieu of originals.

J. **Estimated Number of Trial Days**

Defendants estimate that the case can be tried in 3 days.

4

K. **Other Matters**

Pending before the Court are two (2) motions which could affect the nature of the claims to be tried and the length of the trial. They include Defendant Evanko's Motion for Summary Judgment (Doc. 43) and Defendants' Motion *in Limine* (Doc. 29).

L. **Exhibit List**

Attached.

M. **Special Verdict Questions**

Attached.

N. **Certification**

Counsel for defendants certifies that the requirements of Local Rule 16.2 have been satisfied.

O. **Discovery Certification**

The requirements of Local Rule 30.10 have been satisfied.

P. **Non-Jury Trials**

Not applicable.

                                                Respectfully submitted,

                                                **D. MICHAEL FISHER**
                                                **Attorney General**

                               By: _____
                                                **GREGORY R. NEUHAUSER**
                                                **Senior Deputy Attorney General**

                                         SUSAN J. FORNEY  
                                         Chief Deputy Attorney General  
                                         Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL  
15th Floor, Strawberry Square  
Harrisburg, PA   17120  
717-787-8106

DATE: December 12, 2002

# EXHIBIT LIST FOR DEFENDANTS

Yordy v. Brown, et al., No. 1:01-CV-0206     Judge Kane

Middle District of Pennsylvania     Date: December 12, 2002

| Plt | Def | Description of object or item | Identified | Evidence | Ruling | Witness on Stand |
|---|---|---|---|---|---|---|
|  | 1 | PSP Crime Report |  |  |  |  |
|  | 2 | PSP Prof. Resp. Report |  |  |  |  |
|  | 3 | Videotape, 02/04/99 |  |  |  |  |
|  | 4 | Transcript, Com. v. Yordy |  |  |  |  |
|  | 5 | Transcript, Com. v. Yordy |  |  |  |  |
|  | 6 | Conviction records of Yordy |  |  |  |  |
|  | 7 | Photographs of traffic stop |  |  |  |  |
|  | 8 | Photographs of Yordy's house |  |  |  |  |
|  | 9 | Transcript of depo., Yordy |  |  |  |  |
|  | 10 | Transcript of depo., Yordy |  |  |  |  |
|  | 11 | Transcript of depo., Smith |  |  |  |  |
|  | 12 | Transcript of depo., Smith |  |  |  |  |
|  | 13 | Yordy's medical records |  |  |  |  |
|  | 14 | Brown's medical records |  |  |  |  |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY, :
    Plaintiff :
: No. 1:01-CV-0206
v. :
: (Judge Kane)
SCOTT BROWN, PAUL EVANKO, :
BERON F. STEAGER, AND BARRY L. :
BRINSER, et al., :
    Defendants :

## COMMONWEALTH DEFENDANTS' PROPOSED SPECIAL VERDICT QUESTIONS

          D. MICHAEL FISHER
          Attorney General

By:  GREGORY R. NEUHAUSER
      Senior Deputy Attorney General

      SUSAN J. FORNEY
      Chief Deputy Attorney General
      Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

DATE: December 12, 2002

1. Did any of the following troopers use force against the plaintiff that was objectively unreasonable, that is, excessive under the circumstances?

Scott Brown          _____

Barry Brinser        _____

Beron Steager        _____

INSTRUCTIONS:

If you checked the name of any person above, go on to the next question.

If you did not check the name of any person above, go to question #6.

2. If you checked the name of a trooper in response to the previous question, was plaintiff injured by the force used?

YES _____

NO _____

INSTRUCTIONS:

If you checked yes above, go on to the next question.

If you checked no above, go to question #6.

3. What amount of damages has the plaintiff proven will compensate him fairly for any such injury? _____

INSTRUCTIONS:

After you have answered this question, go on to the next question.

4. If you found that plaintiff was entitled to compensatory damages in the preceding question, do you also find that the trooper's actions were so extraordinary as to be considered malicious and calling for punishment?

YES          _____

NO           _____

INSTRUCTIONS:

If you answered "yes" above, go on to the next question.

If you answered "no" above, go to question #6.

5. If you answered "yes" to the preceding question, what amount of damages over and above compensatory damages do you find is appropriate?

_____

INSTRUCTIONS:

After you have answered this question, please go on to the next question.

6. Did Commissioner Evanko fail to exercise proper supervision to the extent that he failed to implement an appropriate discipline policy or created a dangerous situation for the plaintiff in particular?

YES  _____

NO   _____

INSTRUCTIONS:

If you answered yes above, go on to the next question.

If you answered no above, please have the Foreperson sign the last page of these Special Verdict Questions and return to the courtroom.

7. Was plaintiff injured by such failure?

YES _____

NO _____

INSTRUCTIONS:

If you answered yes above, go on to the next question.

If you answered no above, please have the Foreperson sign the last page of these Special Verdict Questions and return to the courtroom.

8. What amount of damages has the plaintiff proven will compensate him fairly for any such injury? _____

## INSTRUCTIONS:

After you have answered this question, please have the Foreperson sign the last page of these Special Verdict Questions and return to the courtroom.

Please sign this verdict form and return to the courtroom.

_____
FOREPERSON

DATE:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY,<br>      Plaintiff<br><br>v.<br><br>SCOTT BROWN, PAUL EVANKO,<br>BERON F. STEAGER, AND BARRY L.<br>BRINSER, et al.,<br>      Defendants | No. 1:01-CV-0206<br><br>(Judge Kane) |

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on December 12, 2002, I caused to be served a true and correct copy of the foregoing document Pretrial Memorandum for Defendants, by depositing it in the United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown & Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA  17110

*/s/ Gregory Neuhauser*
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**