IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY, :
:
    **Plaintiff,** :
:
   v. : CIVIL ACTION NO. 1:CV-01-0206
:
: (Judge Kane)
SCOTT BROWN, PAUL EVANKO, :
BERON F. STEAGER, AND :
BARRY L. BRINSER, et. al., :
:
    **Defendants** :

## ORDER

    Before the Court is Defendant Evanko's Motion for Leave to file a Motion for Summary Judgment, filed November 12, 2002. (Doc. No. 40). Plaintiff opposes this motion. Defendant Pennsylvania State Police Commissioner Paul Evanko seeks leave to file a dispositive motion five months after such motions were due because he was not deposed by Plaintiff until November 1, 2002. Defendant Evanko does not explain why Plaintiff's recent and untimely deposition of him has occasioned the need to file for summary judgment. Defendant Evanko argues that leave is appropriate because it would conserve judicial resources if the claim against him could be eliminated or narrowed on summary judgment.

    This case was initiated by Plaintiff's filing of a civil rights complaint against several named and unnamed employees of the Pennsylvania State Police, including Commissioner Evanko, on February 1, 2001, twenty-two months ago. Defendants filed a motion to dismiss, which this Court disposed of in September of 2001. The original scheduling order in this case from November of 2001, set the deadline for dispositive motions as April 14, 2002. (Case Management Order, Doc. No. 20). Upon joint motion by the parties, the deadlines were extended in March of 2002 such that dispositive motions were due June 26, 2002. (Amended

Scheduling Order, Doc. No. 22). The parties again jointly moved to extend the trial dates, and this Court granted that motion by Order of June 26, 2002. (Doc. No. 25). The amended scheduling order set this matter for trial in October and made no mention of dispositive motions since that deadline had already passed. Neither party indicated at that time that more time would be needed for dispositive motions or moved to amend or clarify the June scheduling Order. However, Defendant did move for a one-week extension of the deadline to submit motions in limine, which the Court granted. (Doc. Nos. 26 and 27). Finally, Plaintiff filed a motion to re-set the trial date in this matter, in which the Defendants concurred, and the Court granted that motion and re-scheduled the trial for January, 2003. (Doc. Nos. 35 and 38).

While Defendant claims that a summary judgment motion will not delay the Court's consideration of the motion before the December 18, 2002 pretrial conference, this seems unlikely since the instant motion did not become ripe until December 4, 2002, and the summary judgment motion would not be ripe until days before the scheduled beginning of trial. Furthermore, Defendant has had ample opportunity to file its dispositive motions or ask for leave to do so and did not. It is difficult to imagine why Plaintiff's deposition of the moving Defendant would have revealed any facts not already known to Defendant that would necessitate this late filing. Additionally, it appears from the pleadings in this case that there is likely to be disputes of material fact that would preclude granting summary judgment for Defendant Evanko and therefore any arguments raised are best considered at trial. See C. Arena & Co., Inc. v. St. Paul Fire & Marine Ins. Co., 1994 WL 54832, at *2 (E.D.Pa.,1994) (holding that where there was "likely to be substantial disputes of fact raised by the proposed summary judgment motion," there was no reason to grant leave to file for summary judgement at such a late date).

2

Accordingly, IT IS HEREBY ORDERED THAT the Defendant's motion for leave to file a summary judgment motion (Doc. No. 40) is DENIED. Defendant Evanko's motion for summary judgment (Doc. No. 43) is STRICKEN from the record.

                                                                     Yvette Kane
                                                                     United States District Judge

Date: 12 Dec, 2002