FILED
HARRISBURG, PA

DEC - 6 2002

MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RANDY YORDY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:01-CV-0206** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **SCOTT BROWN, PAUL EVANKO,** | : | |
| **BERON F. STEAGER, AND BARRY L.** | : | |
| **BRINSER, et al.,** | : | |
| **Defendants** | : | |

**PROPOSED POINTS FOR CHARGE**
**FOR DEFENDANT EVANKO**

Defendant, Paul Evanko, by his attorney, submits the enclosed points for charge in connection with Part II of the bifurcated trial.

1. Liability under §1983 requires personal involvement in, or actual knowledge of and acquiescence in, the constitutionally offending conduct.

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

2. Absent such personal involvement or knowledge, a high-level policymaker, like the Commissioner of the State Police, may be held liable under §1983 only if he or she establishes a constitutionally inadequate procedure for depriving persons of a protected interest or, in limited circumstances, under a state-created danger theory.

Sample v. Diecks, 885 F.2d 1099, 1114 (3d Cir. 1989).

Kneipp v. Tedder, 95 F.3d 1199,1208 (3d Cir. 1996).

      3. Protection against governmental arbitrariness is the core principle of due process, but only the most egregious executive action can be said to be "arbitrary" in the constitutional sense and the cognizable level of executive abuse of power is that which shocks the conscience.

County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998).

      4.      The phrase "deliberate indifference," to the extent applicable to plaintiff's claim against the Commissioner of the State Police, should require proof of two elements — one objective and one subjective. The objective prong requires a showing that the harm is, objectively, "sufficiently serious." The subjective prong requires a showing of a "sufficiently culpable state of mind."

      Farmer v. Brennan, 511 U.S. 825, 834 (1994).

      Wilson v. Seiter, 501 U.S. 294, 297-98 (1991).

5.      To satisfy the subjective prong, a plaintiff must prove that the official knew of and disregarded an excessive risk to plaintiff's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

6. To the extent that plaintiff seeks to hold the Commissioner of the State Police liable under the state-created danger theory, the standards are quite specific. The theory may apply if:

> 1.) the harm ultimately caused was foreseeable and fairly direct;
> 2.) the State actor acted in willful disregard for the safety of the plaintiff;
> 3.) there existed some relationship between the State and the plaintiff; and
> 4.) the State actor used his or her authority to create an opportunity that otherwise would not have existed for the third party's [actions] to occur.
>
> Pearson v. Miller, 988 F. Supp. 848, 853 (M.D. Pa. 1997).
>
> Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996).
>
> Mark v. Borough of Hatboro, 51 F.3d 1137, 1152 (3d Cir. 1995).

7. Merely creating a situation which may have exposed the public in general to even an obvious risk of harm is not enough; the risk of harm must be particular to the plaintiff and the harm must be foreseeable.

Pearson v. Miller, 988 F. Supp. 848, 853 (M.D. Pa. 1997).

Morse v. Lower Merion School Dist., 132 F.3d 902, 912 n.11 (3d Cir. 1997).

8. The state-created danger theory requires proof that the State actor sought to be held liable acted at least "with willful disregard or deliberate indifference to the plaintiff's safety."

Morse v. Lower Merion School Dist., 132 F.3d 902, 910 (3d Cir. 1997).

Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996).

9. The environment created by the State actor must be dangerous; he must know it to be dangerous; and, he must have been at least deliberately indifferent. There must be proof that the State actor evinced "a willingness to ignore a foreseeable danger or risk."

> Morse v. Lower Merion School Dist., 132 F.3d 902, 910 (3d Cir. 1997).
>
> Pearson v. Miller, 988 F. Supp. 848, 857 (M.D. Pa. 1997).

10. Plaintiff is making a claim for compensatory damages from the defendant. To recover compensatory damages from a defendant, the plaintiff must prove actual injury caused by a denial of constitutional rights. Where there is no injury present, no compensatory damages may be awarded.

Memphis Community School District v. Stachura, 477 U.S. 299, 307-08 (1986).

Carey v. Piphus, 435 U.S. 247, 254 (1978).

11. You may not award compensatory damages for the abstract value of a constitutional right. Absent proof of actual injury, you may not award compensatory damages. If you find, however, that a constitutional right has been violated but the plaintiff has proved no actual injury, you may award what are known as "nominal" damages. Nominal damages are an amount such as one dollar.

Memphis Community School District v. Stachura, 477 U.S. 299, 308 and n. 11 (1986).

U.S. ex rel. Tyrrell v. Speaker, 535 F.2d 823, 827 (3d Cir. 1976).

12. Plaintiff also is making a claim for punitive damages. Punitive damages may be awarded only if you find the defendant violated plaintiff's rights **and** that the defendant's actions were so extraordinary that you believe he should be punished for malicious conduct in an amount over and above that which compensates a plaintiff for his injuries. The purpose of punitive damages is not to compensate the plaintiff but to punish the defendant for willful or malicious conduct and to deter others from similar behavior. Maliciousness requires evidence of a reckless or callous indifference to the plaintiff's rights or that the defendant had an evil motive or intent in taking the action he or she took.

Memphis Community School District v. Stachura, 477 U.S. 299, 306 n.9 (1986).

Smith v. Wade, 461 U.S. 30, 54 (1983).

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

**By:** ______________________
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief Litigation Section**

**DATE: December 30, 2002**

**Office of Attorney General**
**15th Floor, Strawberry Sq.**
**Harrisburg, PA 17120**
**Direct Dial: (717) 787-8106**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RANDY YORDY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:01-CV-0206** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **SCOTT BROWN, PAUL EVANKO,** | : | |
| **BERON F. STEAGER, AND BARRY L.** | : | |
| **BRINSER, et al.,** | : | |
| **Defendants** | : | |

**CERTIFICATE OF SERVICE**

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **December 30, 2002**, I caused to be served a true and correct copy of the foregoing document **Proposed Points For Charge For Defendant Paul Evanko**, by depositing it in the United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown & Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA 17110

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**