IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY, <br>     Plaintiff <br><br> v. <br><br> SCOTT BROWN, PAUL EVANKO, <br> BERON F. STEAGER, AND BARRY L. <br> BRINSER, <u>et al.</u>, <br>     Defendants | No. 1:01-CV-0206 <br><br> (Judge Kane) |

**TRIAL POINTS AND AUTHORITIES**
**FOR DEFENDANTS, BROWN, STEAGER AND BRINSER**

Defendants, Brown, Steager and Brinser, by their attorney, submit the following points and authorities for the Court's consideration as a trial memorandum in connection with Part I of the bifurcated trial:

    1.    In order to prevail on a Fourth Amendment excessive force claim, a plaintiff must demonstrate that the use of force was not objectively reasonable. <u>Mellott v. Heemer</u>, 161 F.3d 117, 122 (3d Cir. 1998), *citing* <u>Graham v. Connor</u>, 490 U.S. 326, 397 (1989).

2. Proper application of the Fourth Amendment excessive force standard requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest. In addition, it is important to consider how many individuals the officers confronted and whether the physical force applied was of such an extent as to lead to injury. *Ibid*.

3. When balancing these factors, the Supreme Court has instructed that one must remember that the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene rather than with the 20/20 vision of hindsight. Graham v. Connor, 490 U.S. at 396.

4. Not every push or shove violates the Constitution. Graham v. Connor, 490 U.S. at 396.

5. A threat that may seem insignificant in the security of a courtroom may appear more substantial to a reasonable officer whose own safety is at stake. Mellott v. Heemer, 161 F.3d at 122.

6. Police officers are often forced to make split-second judgments in circumstances that are tense, uncertain and rapidly evolving.

Graham v. Connor, 490 U.S. 326, 397 (1989).

7. A police officer in this State may rely upon the fact that, under Pennsylvania law, the officer need not retreat or desist from efforts to make a lawful arrest because of resistance to the arrest. He or she is justified in the use of physical force, short of deadly force, which he believes to be necessary to defend himself or another from bodily harm while making the arrest.

18 Pa. Cons. Stat. §508(a)

8. A police officer in this State may rely upon the fact that, under Pennsylvania law, an officer who has an arrested person in custody is justified in the use of such force to prevent the escape of the arrested person from custody as he or she would be justified in using in arresting such person.

18 Pa. Cons. Stat. §508(c)

9. Evidence of a witness' conviction of a crime is admissible for impeachment under F.R.E. 609(a). *See* Notes of Advisory Committee. *See also* United States v. Brown, 956 F.2d 782, 787 (8th Cir. 1992); Diggs v. Lyons, 741 F.2d 577 (3d Cir. 1984), *cert denied*. 105 S. Ct. 2157 (1985).

10. A punitive damages claim may not go to the jury unless there is evidence to demonstrate a violation of constitutional rights and that the defendant's actions were so extraordinary that he or she should be punished for malicious conduct in an amount over and above that which compensates plaintiff for his injuries.

Memphis Community School District v. Stachura, 477 U.S. 299, 306 n.9 (1986); Smith v. Wade, 461 U.S. 30, 54 (1983).

      11.    Maliciousness requires evidence of a reckless or callous indifference to the plaintiff's rights or that the defendant had an evil motive or intent in taking the action he or she took. Smith v. Wade, 461 U.S. at 54.

                                   Respectfully submitted,

                                     **D. MICHAEL FISHER**
                                     **Attorney General**

By: _/s/ Gregory Neuhauser_
        **GREGORY R. NEUHAUSER**
        **Senior Deputy Attorney General**

        **SUSAN J. FORNEY**
        **Chief Deputy Attorney General**
        **Chief Litigation Section**

DATE: December 30, 2002

**Office of Attorney General**
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
Direct Dial: (717) 787-8106

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY,<br>    Plaintiff<br><br>v.<br><br>SCOTT BROWN, PAUL EVANKO,<br>BERON F. STEAGER, AND BARRY L.<br>BRINSER, et al.,<br>    Defendants | :<br>:<br>:   No. 1:01-CV-0206<br>:<br>:   (Judge Kane)<br>:<br>:<br>:<br>: |

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **December 30, 2002**, I caused to be served a true and correct copy of the foregoing document **Trial Points and Authorities for Defendants, Brown, Steager and Brinser**, by depositing it in the United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown & Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA  17110

_____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**