


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY, | : |
|     Plaintiff | : |
| | :    No. 1:01-CV-0206 |
| v. | : |
| | :    (Judge Kane) |
| SCOTT BROWN, PAUL EVANKO, | : |
| BERON F. STEAGER, AND BARRY L. | : |
| BRINSER, et al., | : |
|     Defendants | : |

### TRIAL POINTS AND AUTHORITIES
### FOR DEFENDANT EVANKO

Defendant, Paul Evanko, by his attorney, submits the following trial points and authorities for the Court's consideration as a trial memorandum in connection with Part II of the bifurcated trial:

    1.    A high-level policymaker such as the Commissioner of the Pennsylvania State Police cannot be held liable under 42 U.S.C. §1983 on a theory of *respondeat superior*.

    Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir 1988).

2. Liability under §1983 requires personal involvement in, or actual knowledge of and acquiescence in, the constitutionally offending conduct.

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

3. Absent such personal involvement or knowledge, a high-level policymaker may be held liable under §1983 only if he or she establishes a constitutionally inadequate procedure for depriving persons of a protected interest or, in limited circumstances, under a state-created danger theory.

Sample v. Diecks, 885 F.2d 1099, 1114 (3d Cir. 1989).

Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996).

4. Protection against governmental arbitrariness is the core principle of due process, but only the most egregious executive action can be said to be "arbitrary" in the constitutional sense and the cognizable level of executive abuse of power is that which shocks the conscience.

County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998).

5. Liability for negligently inflicted harm is beneath the threshold of constitutional due process.

County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).

6. Deliberate indifference that shocks in one environment may not be so patently egregious in another, and the constitutional proportions of substantive

due process demand an exact analysis of circumstances before any abuse of power may be condemned as conscience-shocking.

>County of Sacramento v. Lewis, 523 U.S. 833, 850 (1998).

7. The phrase "deliberate indifference," to the extent applicable to plaintiff's claim against the Commissioner of the State Police, should require two elements — one objective and one subjective.

>Farmer v. Brennan, 511 U.S. 825, 834 (1994).

>Wilson v. Seiter, 501 U.S. 294, 298 (1991).

8. The objective prong requires a showing that the harm is, objectively, "sufficiently serious."

>Farmer v. Brennan, 511 U.S. 825, 834 (1994).

>Wilson v. Seiter, 501 U.S. 294, 298 (1991).

9. The subjective prong requires a showing of a "sufficiently culpable state of mind."

>Farmer v. Brennan, 511 U.S. 825, 834 (1994).

>Wilson v. Seiter, 501 U.S. 294, 297 (1991).

10. To satisfy the subjective prong, a plaintiff must prove that the official knew of and disregarded an excessive risk to plaintiff's health or safety; the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

11.  This is *not* the same standard of liability under §1983 which is applicable to municipalities or other governmental entities sought to be held liable on a constructive notice theory pursuant to Canton v. Harris.

Farmer v. Brennan, 511 U.S. 825, 840-41 (1994).

Canton v. Harris, 489 U.S. 378, 389 (1989).

12.  The standard of Canton "is not an appropriate test for determining the liability" of governmental officials under the Constitution. The term deliberate indifference "was used in the Canton case for the quite different purpose of identifying the threshold for holding a city responsible for the constitutional torts committed by its inadequately trained agents."

Farmer v. Brennan, 511 U.S. 825, 841-42 (1994).

13.  Consequently, the Supreme Court expressly has rejected the Canton standard in a situation where an individual official who was unaware of a substantial risk of harm is sought to be held liable on the theory that the risk was obvious and a reasonable official would have noticed it.

Farmer v. Brennan, 511 U.S. 825, 841-42 (1994).

14. To the extent that plaintiff seeks to hold the Commissioner of the State Police liable under the state-created danger theory, the standards are quite specific. The theory may apply if:

    1.) the harm ultimately caused was foreseeable and fairly direct;
    2.) the State actor acted in willful disregard for the safety of the plaintiff;
    3.) there existed some relationship between the State and the plaintiff; and
    4.) the State actor used his or her authority to create an opportunity that otherwise would not have existed for the third party's [actions] to occur.

Pearson v. Miller, 988 F. Supp. 848, 853 (M.D. Pa. 1997).

Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996).

Mark v. Borough of Hatboro, 51 F.3d 1137, 1152 (3d Cir. 1995).

15. Merely creating a situation which may have exposed the public in general to even an obvious risk of harm is not enough; the risk of harm must be particular to the plaintiff and the harm must be foreseeable, a requirement the Third Circuit has labeled the "foreseeable plaintiff" requirement.

Pearson v. Miller, 988 F. Supp. 848, 853 (M.D. Pa. 1997).

Morse v. Lower Merion School Dist., 132 F.3d 902, 912 n.11 (3d Cir. 1997).

16. In this Circuit, the state-created danger theory requires proof that the State actor sought to be held liable acted at least "with willful disregard or

deliberate indifference to the plaintiff's safety."

      Morse v. Lower Merion School Dist., 132 F.3d 902, 910 (3d Cir. 1997).

      Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996).

17.    The environment created by the State actor must be dangerous; he must know it to be dangerous; and, he must have been at least deliberately indifferent.

      Morse v. Lower Merion School Dist., 132 F.3d 902, 910 (3d Cir. 1997).

18.    There must be proof that the State actor evinced "a willingness to ignore a foreseeable danger or risk."

      Morse v. Lower Merion School Dist., 132 F.3d 902, 910 (3d Cir. 1997).

      Pearson v. Miller, 988 F. Supp. 848, 857 (M.D. Pa. 1997).

19.    As an alternative defense, the Commissioner of the State Police is entitled to qualified immunity from damages.

      Seigert v. Gilley, 500 U.S. 226, 231 (1991).

      Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

20.    In the context of a case such as the present one, the qualified immunity standard requires three inquiries:

      1.)    whether a constitutional violation has occurred;
      2.)    whether the right that was violated was a clearly established right of which a reasonable person in the defendant's position would have known; and
      3.)    whether there is sufficient evidence demonstrating that what

the official allegedly did was objectively unreasonable in light of the clearly established right.

Seigert v. Gilley, 500 U.S. 226, 231 (1991).

Assaf v. Fields, 178 F.3d 170,174 (3d Cir. 1999).

Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999).

21. Without cases where some factual correspondence exists with the present case, the Court should conclude that there is no clearly established law that would have placed the Commissioner on notice of the objective unreasonableness of his actions.

Anderson v. Creighton, 483 U.S. 635, 640 (1987).

22. In situations where there is a lack of substantially similar authority on point, the law cannot be said to be clearly established.

Sharrar v. Felsing, 128 F.3d 810, 828-29 (3d Cir. 1997).

Pro v. Donatucci, 81 F.3d 1283, 1292 (3d Cir. 1996).

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

By: _____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief Litigation Section**

**DATE: December 30, 2002**

**Office of Attorney General**
**15th Floor, Strawberry Sq.**
**Harrisburg, PA 17120**
**Direct Dial: (717) 787-8106**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY,<br>　　Plaintiff<br><br>v.<br><br>SCOTT BROWN, PAUL EVANKO,<br>BERON F. STEAGER, AND BARRY L.<br>BRINSER, et al.,<br>　　Defendants | No. 1:01-CV-0206<br><br>(Judge Kane) |

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **December 30, 2002**, I caused to be served a true and correct copy of the foregoing document **Trial Points and Authorities for Defendant Paul Evanko**, by depositing it in the United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown & Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA 17110

_____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**