FILED
HARRISBURG PA
DEC 30 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY YORDY, | : | NO.: 1:01-CV-0206 |
| Plaintiff | : | |
| | : | CIVIL ACTION LAW |
| v. | : | |
| | : | JUDGE KANE |
| SCOTT BROWN, PAUL EVANKO, | : | |
| BERON STEAGER, AND BARRY L. | : | |
| BRINSER, et. al., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S PROPOSED POINTS FOR CHARGE

RESPECTFULLY SUBMITTED,

SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.

By: _____
SPERO T. LAPPAS, Esquire
Pa. Supreme Ct. ID no. 25745
2080 Linglestown Road
Suite 201
Harrisburg, PA  17110-9670
(717) 540-9170
ATTORNEYS FOR THE PLAINTIFF

POINT FOR CHARGE 1

Under the criminal code of the Commonwealth of Pennsylvania, a person may be guilty of resisting arrest if he uses force to defend himself against an arrest by a police officer. That means that even if the police officer is using excessive and unconstitutional forcer to effect the arrest, and even if the person being arrested believes that the arrest is unlawful, the person being arrested may be charged and convicted of resisting arrest if he defends himself with any force whatsoever. (18 Pa.C.S section 505(b)(1)(i)), Commonwealth v Biagini, 540 Pa. 22, 655 A.2d 175 (1995).

However, this does not mean that such a person may not seek damages in federal court because the officer used excessive force in making the arrest. The mere fact that Randy Yordy has been convicted under state law for resisting arrest does not necessarily mean that Mr. Yordy may not receive an award of damages from you for the defendants' use of unconstitutional force in making the arrest.

POINT FOR CHARGE 2

Under the criminal code of the Commonwealth of Pennsylvania, a person may be guilty of aggravated assault on a police officer if he uses force to defend himself against an unlawful arrest by a police officer. That means that even if the arrest is unlawful, and even if the police officer is using excessive and unconstitutional forcer to effect the arrest, the person being arrested may be charged and convicted of aggravated assault if he defends himself with force. (18 Pa.C.S section 505(b)(1)(i), 18 Pa.C.S. section 2702(a)(2), (a)(6).

However, this does not mean that such a person may not seek damages in federal court because the officer used excessive force in making the arrest. The mere fact that Randy Yordy has been convicted under state law for aggravated assault on a police officer does not necessarily mean that Mr. Yordy may not receive an award of damages from you for the defendants' use of unconstitutional force in making the arrest.

POINT FOR CHARGE 3

Defendant Evanko is directly responsible for the violations of Plaintiff's right to be free from unlawful police assaults if you find that Evanko had supervisory control over Brown and Evanko failed to act to correct Brown's conduct, see, Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294-95 (3rd Cir. 1997).

POINT FOR CHARGE 4

Defendant Evanko is directly responsible for the violations of Plaintiff's right to be free from unlawful police assaults if you find that Evanko's inaction in the face of Brown's record constituted deliberate indifference to the rights of persons with whom Brown came into contact. <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1212 (3rd Cir. 1996), citing <u>City of Canton v. Harris</u>, 489 U.S. 378, 388, 109 S.Ct. 1197, 1203-04, 103 L.Ed.2d 412 (1989).

POINT FOR CHARGE 5

Defendant Evanko is directly responsible for the violations of Plaintiff's right to be free from unlawful police assaults if you find that because Evanko's inaction created a danger which deprived the Plaintiff of his constitutional right to be free from unlawful violence from police officers. Kneipp, supra, 95 F.3d at 1205.

POINT FOR CHARGE 6

The evidence that Brown has in the past committed acts similar to the ones alleged by Mr. Yordy may, if you believe it to be true, prove that Mr. Brown acted with the motive to falsely accuse the My. Yordy of wrongful acts so that Brown could profit from his own misconduct by filing a civil claim against Mr. Yordy.  FRE 404(b).

POINT FOR CHARGE 7

Evidence that Brown has in the past lied and fabricated evidence in an effort to stay out of trouble and avoid punishment may, if you accept it, be considered as evidence that he has a bad character for truthfulness and that his testimony should not be believed.  FRE 608(b)(1).

POINT FOR CHARGE 8

Merely because some witnesses are police officers and others are not police officers does not mean that you are to give the testimony of the police officers any special credence or respect. Every witness is equal before this court and you should weigh the testimony of each witness without regard to that witness's occupation, public office, or political position.

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the persons named below by mailing a copy addressed as follows, postage pre-paid, deposited into the U. S. Mail at Harrisburg, Pa.

GREGORY NEUHAUSER, ESQUIRE
OFFICE OF ATTORNEY GENERAL
15TH FLOOR
STRAWBERRY SQUARE
HARRISBURG, PA. 17120

RESPECTFULLY SUBMITTED,

SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.

By: _____
SPERO T. LAPPAS, Esquire
Pa. Supreme Ct. ID no. 25745
2080 Linglestown Road
Suite 201
Harrisburg, PA  17110-9670
(717) 540-9170