



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY, | : |
|     Plaintiff | : |
| | :    No. 1:01-CV-0206 |
| v. | : |
| | :    (Judge Kane) |
| SCOTT BROWN, PAUL EVANKO, | : |
| BERON F. STEAGER, AND BARRY L. | : |
| BRINSER, et al., | : |
|     Defendants | : |

### DEFENDANTS' OBJECTIONS TO
### PLAINTIFF'S POINTS FOR CHARGE

Pursuant to the Court's Order of December 18, 2002, defendants, by their counsel, submit the following objections to Plaintiff's Proposed Points for Charge:

3. Defendants object to plaintiff's proposed point #3 for the following reasons. First, the point should not be given during Part I of the bifurcated trial (*Yordy v. Brown, Steager & Brinser*) inasmuch as it has no applicability to the claims against Brown, Steager and Brinser. Second, even if Part II of the bifurcated trial (*Yordy v. Evanko*) needs to be tried, this proposed point is not an accurate statement

of the law. To the extent plaintiff seeks to hold Commissioner Evanko liable as a supervisor, the correct statement of the applicable principles is covered by Defendant Evanko's Proposed Points #1, 2, 3, 4 and 5.

4. Defendants object to plaintiff's proposed point #4 for the following reasons. First, the point should not be given during Part I of the bifurcated trial (*Yordy v. Brown, Steager & Brinser*) inasmuch as it has no applicability to the claims against Brown, Steager and Brinser. Second, even if Part II of the bifurcated trial (*Yordy v. Evanko*) needs to be tried, this proposed point is not an accurate statement of the law. To the extent plaintiff seeks to hold Commissioner Evanko liable as a supervisor, the correct statement of the applicable principles is covered by Defendant Evanko's Proposed Points #1 through 9. In addition, *see* Trial Points and Authorities for Defendant Evanko for the reasons why the decision in Canton v. Harris, 489 U.S. 378 (1989), does not apply to claims against individuals.

5. Defendants object to plaintiff's proposed point #5 for the following reasons. First, the point should not be given during Part I of the bifurcated trial (*Yordy v. Brown, Steager & Brinser*) inasmuch as it has no applicability to the claims against Brown, Steager and Brinser. Second, even if Part II of the bifurcated trial (*Yordy v. Evanko*) needs to be tried, this proposed point is not an accurate statement of the law. *See* Defendant Evanko's Proposed Points #1 through 9. In addition, *see*

Trial Points and Authorities for Defendant Evanko for the reasons why the decision in Canton v. Harris, 489 U.S. 378 (1989), does not apply to claims against individuals.

6. Defendants object to plaintiff's Proposed Point for Charge #6 for the reasons presented in their memoranda filed September 23, 2002 and November 1, 2002 in connection with defendants' Motion *in Limine*. In the interest of brevity, defendants will not repeat those arguments here but respectfully call the Court's attention to them.

7. Defendants object to plaintiff's Proposed Point for Charge #7 for the following reasons. Plaintiff bases this point on F.R.E. 608 (b)(1). As the Advisory Committee note to the rule provides, the Court has discretion to admit this kind of evidence but only where the Court is convinced that Rule 403 will not be violated. The "overriding protection" of Rule 403 requires that the probative value not be outweighed by the danger of unfair prejudice, confusion of the issues or misleading of the jury. For the reasons presented in defendants' memoranda of law filed September 23, 2002 and November 1, 2002 on their Motion *in Limine*, there is danger of unfair prejudice, confusion of issues and misleading of the jury by allowing evidence related to past discipline involving Trooper Brown. For these reasons, the proposed evidence should not be admitted and the proposed point for charge should

not be given.

                Respectfully submitted,

                D. MICHAEL FISHER
                Attorney General

By: _____
                GREGORY R. NEUHAUSER
                Senior Deputy Attorney General

                SUSAN J. FORNEY
                Chief Deputy Attorney General
                Chief Litigation Section

DATE: December 30, 2002

Office of Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
Direct Dial: (717) 787-8106

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RANDY YORDY,** : | |
| Plaintiff : | |
| : | No. 1:01-CV-0206 |
| v. : | |
| : | (Judge Kane) |
| **SCOTT BROWN, PAUL EVANKO,** : | |
| **BERON F. STEAGER, AND BARRY L.** : | |
| **BRINSER,** et al., : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **December 30, 2002**, I caused to be served a true and correct copy of the foregoing document **Defendants' Objections to Plaintiff's Points For Charge**, by depositing it in the United States mail, first-class postage prepaid to the following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown & Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA  17110

_____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**