IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY, :
:
    **Plaintiff,** :
: CIVIL ACTION NO. 1:CV-01-0206
v. :
: (Judge Kane)
SCOTT BROWN, PAUL EVANKO, :
BERON F. STEAGER, AND :
BARRY L. BRINSER, et. al., :
:
    **Defendants** :

## ORDER

Before the Court is Defendants' Motion in limine requesting that the Court exclude from evidence testimony and documentation of Defendant Brown's employment history with the Pennsylvania State Police. For the reasons explained below, this Court will deny the motion and permit the evidence to be introduced for a limited purpose.

### I.   Background

Plaintiff brought this civil rights action against three Pennsylvania State Troopers, Defendants Scott Brown, Beron Steager, and Barry Brinser; four Pennsylvania State Police Defendants designated as John Does; and the Commissioner of the State Police, Paul Evanko. Plaintiff alleges that Trooper Brown assaulted him during a traffic stop on February 4, 1999, and that Troopers Steager and Brinser also assaulted him later the same day along with the unnamed Defendants. Plaintiff argues that this was excessive use of force in violation of his constitutional rights.

Plaintiff argues that Commissioner Evanko is liable under § 1983, in addition to the troopers, "(1) because Evanko had supervisory control over Brown and Evanko failed to act to correct Brown's conduct, (2) because Evanko's inaction in the face of Brown's terrible record

constituted deliberate indifference to the right of persons with whom Brown came into contract, and (3) because Evanko's inaction created a danger which deprived the Plaintiff of his Fourteenth Amendment substantive due process right." (Pl. Br. at 10) (citations omitted).

## II.  Discussion

Defendants argue that pursuant to Rule 404(b) of the Federal Rules of Evidence, evidence of Brown's employment history prior to February 4, 1999 is inadmissible to prove that Brown violated Plaintiff's constitutional rights on that date. They also argue that the evidence is irrelevant to Plaintiff's theory of liability against Commissioner Evanko and that, alternatively, its probative value is outweighed by its prejudicial effect.

Defendant Brown's employment file with the Pennsylvania State Police reveals several instances of misconduct. In 1996, Brown was subjected to disciplinary action for, among other things, unbecoming conduct and use of deadly force during an off-duty traffic incident. Brown pursued someone who had rear-ended his car, jumped into the individual's car through the sun roof, drew his gun, and became involved in a physical altercation that led to a serious car accident and disabling injuries. (Def. Br. Exh. D.) In 1997, Brown received a one-day deduction from sick leave for using foul language, yelling, and threatening during an investigation of a bicycle theft. (Def. Br. Exh B.) In 1998, he received a reprimand for improperly touching a female employee. (Def. Br. Exh. A.) There is also evidence of other incidents occurring in 2000, which Plaintiff concedes are less relevant to the case since they occurred after the events giving rise to this action. One of the later incidents involved reckless driving and one involved Brown waving his weapon, stranding his partner, and abandoning an individual lying handcuffed in a busy street during heavy rain while he pursued another vehicle. (Pl. Br. Exh. 10.)

A.   **Admissibility against Trooper Brown**

Federal Rule of Evidence 404(b) excludes evidence of other crimes, wrongs, or acts in order to show the defendant's propensity to commit the act in question; but permits the introduction of such evidence for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Fed. R. Evid. 404(b). The four-prong test for determining the admissibility of Rule 404 evidence is: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the district court must charge the jury to consider the evidence only for the limited purpose for which it was admitted." Becker v. ARCO Chemical Co., 207 F.3d 176, 189 (3d. Cir. 2000) (internal citations omitted).

Here, Plaintiff brought a § 1983 claim against Trooper Brown alleging that Brown assaulted him during an on-duty stop of Plaintiff's vehicle. In both the incident in question and the 1996 incident, Trooper Brown filed lawsuits against the alleged victim claiming that he, Brown, suffered injures and should be compensated. Therefore, in a footnote, Plaintiff argues that the evidence of this prior act is admissible, not to show propensity, but to show motive: "Brown's behavior demonstrates his recurring motive to profit financially from his altercations with members of the public." (P. Br. at 10, n.3.) However, Brown's alleged financial motive subsequent to the altercation is not relevant to the issues of the instant case; namely, whether or not Brown violated Plaintiff's civil rights on the date in question. Plaintiff has failed to establish the relevance of the other incidents to any of the issues of the case other than propensity. As a result, the incidents noted in Trooper Brown's employment file cannot be introduced as evidence against him.

3

B.  **Admissibility against Commissioner Evanko**

Defendants argue that Brown's employment history is not relevant to claims against Commissioner Evanko. Relevant evidence, under Rule 401, "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Section 1983 claims against a commissioner must be based upon some affirmative conduct by him. Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d. Cir. 1990). Supervisor liability can be shown "either through allegations of personal direction or of actual knowledge and acquiescence or through proof of direct involvement by the supervisor. . . . [or for his own actions in adopting and maintaining a practice, custom or policy of deliberate indifference to instances of known violations." Martin v. City of Philadelphia, No. CV-99-543, 2000 WL 1052150, at *11 (E.D. Pa. 2000). "Normally, an unreasonable risk in a supervisor liability case will be shown by evidence that such harm has in fact occurred on numerous occasions. Similarly, deliberate indifference to a known risk will ordinarily be demonstrated by evidence that the supervisory official failed to respond appropriately in the face of an awareness of a pattern of such injuries." Sample v. Diecks, 885 F.2d 1099, 1118 (3d. Cir. 1989).

The evidence of prior instances of misconduct contained in Brown's employment file is clearly relevant to the determinations of whether Commissioner Evanko had knowledge of and acquiesced in Trooper Brown's conduct and whether Commissioner Evanko adopted a practice of deliberate indifference to known violations. See, e.g., Beck v. City of Pittsburgh, 89 F.3d 966, 973 (3d. Cir. 1996) (determining that the use of past complaints had evidentiary value for the issue of whether the city and its policymakers had a pattern of approving excessive force). These records are, therefore, relevant and admissible under Rule 401. Evidence of misconduct

4

subsequent to the events giving rise to this lawsuit are not relevant and shall be excluded at trial pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

Defendants argue that even if evidence of prior misconduct is relevant, it is unfairly prejudicial and should be excluded under Rule 403. Under Rule 403, evidence, although relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Rule 403 is a trial-oriented rule and therefore "pretrial Rule 403 exclusions should rarely be granted." In re Paoli R.R. Yard PCB Litigation, 916 F.2d 829, 859 (3d Cir. 1999). Defendants do not argue that the evidence is unfairly prejudicial as to Commissioner Evanko but rather that the jury may be confused and use the evidence for an improper purpose against Brown or the other troopers. However, this Court's Order bifurcating the trial eliminates the potential for undue prejudice against the other Defendants. Therefore, relevant evidence in Brown's employment file is admissible as to Defendant Evanko during the second stage of trial.

III. <u>Order</u>

**AND NOW**, therefore, **IT IS ORDERED THAT** Defendant's motion <u>in limine</u> (Doc. No. 29) is **GRANTED** in part and **DENIED** in part. Evidence pertaining to disciplinary actions against Defendant Brown and the facts on which they were based are excluded in the first stage of trial pursuant to Fed. R. Evid. 404(b). Evidence of disciplinary actions against Brown predating Brown's alleged assault on Plaintiff is relevant to the action against Commissioner Evanko and my be admitted during the second stage of the trial. Evidence related to disciplinary actions occurring after the alleged assault on Plaintiff is not relevant and is therefore excluded.

_____
Yvette Kane
United States District Judge

Date: 31 Dec, 2002