

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
 2

 3   RANDY YORDY,                  :
            Plaintiff
 4                                 :
         v.                              CIVIL ACTION NO. 01-CV-206
 5                                 :     (Judge Kane)
     SCOTT BROWN, individually and
 6   in his official capacity as   :
     an employee and agent of the
 7   Pennsylvania State Police;    :
     PAUL EVANKO, individually and
 8   in his official capacity as   :
     an employee and agent of the
 9   Pennsylvania State Police;    :
     BERON F. STEAGER, individually
10   and in his official capacity  :
     as an employee and agent of
11   the Pennsylvania State Police;:
     BARRY L. BRINSER, individually
12   and in his official capacity  :
     as an employee and agent of the
13   Pennsylvania State Police,    :
     et al.,
14          Defendants             :

15              TRANSCRIPT OF PROCEEDINGS
                      JURY TRIAL
16        EXCERPT FROM IN CHAMBERS CONFERENCE

17       Before:  Hon. Yvette Kane, Judge
                  and a Jury
18       Date:    January 7, 2003

19       Place:   Judge's Chambers
                  Federal Building
20                Harrisburg, Pa.

21   COUNSEL PRESENT:

22      SPERO T. LAPPAS, Esquire
            For - Plaintiff
23
        GREGORY R. NEUHAUSER, Esquire
24          For - Defendants

                                     Monica L. Zamiska, RPR
25                                   Official Court Reporter
```

FILED
HARRISBURG, PA
FEB 7 2003
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

1  MR. LAPPAS: The other matter, Your Honor, and the
2  second thing that I discussed with Mr. Neuhauser this morning
3  is this, during the course of this trial, both in openings,
4  in the examination of other witnesses and in specifically the
5  -- Mr. Neuhauser's examination of Scott Brown yesterday, he
6  has been referring, Mr. Neuhauser; that is, has been
7  referring to Scott Brown as Trooper Brown. I have made it a
8  point consistently to refer to him as Mr. Brown. It's my
9  understanding that Scott Brown's current status with the
10 Pennsylvania State Police is that he is suspended. He's been
11 terminated subject to an arbitration proceeding. His current
12 status is either terminated or suspended without pay. In
13 either occasion it's my belief that he has been told, and
14 that the state police regulations provide, that he is not to
15 represent himself to be a member of the Pennsylvania State
16 Police and is not to refer to himself or allow others to
17 refer to him or address him as trooper.
18  The next time he testifies I would like to ask him
19 or propose to cross examine him on the question of whether he
20 is a trooper in the Pennsylvania State Police and whether
21 he's been instructed not to call himself trooper. I think it
22 provides -- presents a false image to this jury to have this
23 man on the witness stand to be calling him trooper as if he's
24 still a member in good standing when in fact he is not.
25  THE COURT: You may be right on that point, but he

1  hardly did anything to invite that.

2  MR. LAPPAS: Well, he has --

3  THE COURT: He's not responsible for Mr.
4  Neuhauser's misslip, if it is one.

5  MR. LAPPAS: Well, whether he's responsible or not
6  I think it's a matter that the jury needs to -- the jury
7  should be allowed to receive corrected information.

8  THE COURT: Mr. Neuhauser, what's his status?

9  MR. NEUHAUSER: Well, first of all, I don't know
10 what the regulations provide because this was just given to
11 me this morning as an issue, and I haven't had a chance to
12 check it.

13 My client tells me that he's allowed to call
14 himself a trooper as long as he's a member of the state
15 police no matter what duty status he may be in. I have no
16 reason to doubt that. That's his explanation.

17 Secondly, he's recently been approved for a
18 disability retirement with the state employees retirement
19 system. So once again if we're going to get into semantics
20 as to whether he is or isn't a full time trooper, we have to
21 have the opportunity to explain and go into the situation as
22 to having the retirement approved and its going into effect,
23 and once again we're delving into collateral matters.

24 I don't think it was a misstatement on my part to
25 call him a trooper when the event -- the only events in

1  question happened three years ago when he was a trooper.
2  What he is now, whether retired or he quit or he was let go
3  or whatever, I think questions or calls into question again
4  the Court's ruling on none of these post-incident situations
5  coming into evidence.
6        THE COURT: Absolutely, we don't want to get near
7  that. Can you find out from somebody whether he's still to
8  be called trooper, and if he's not, just call him Mr. Brown?
9        MR. NEUHAUSER: Well, as I said, he has told me
10 just moments ago that he is allowed to do that. I don't have
11 anyone in superior rank with me at the present time to be
12 able to find that out, but I can try in the meantime.
13       THE COURT: Okay, all right. I was under the
14 impression that he was no longer a trooper and he was not
15 entitled to be called trooper. You didn't object. I didn't
16 correct Mr. Neuhauser even though I may have been under the
17 wrong impression because I thought, as he did, at the time of
18 these events he was a trooper, and we were talking about
19 these events when he was addressed as such, so I don't think
20 it was a terrible problem, but it is a big problem, let's
21 clarify what he is. If he's not a trooper, call him Mr.
22       MR. NEUHAUSER: Okay.
23       (The excerpt concluded.)
24
25

1
2     I hereby certify that the proceedings and evidence
3  of the court are contained fully and accurately in the notes
4  taken by me on the excerpt from the jury trial of the within
5  cause and that this is a correct transcript of the same.

6                              *Monica L. Zamiska*

7                              Monica L. Zamiska, RPR
8                              Official Court Reporter