

ORIGINAL

D+o cN

FILED
HARRISBURG, P.

MAR 0 7 2003

MARY E. D'ANDREA, C
Per _____
          Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,    :
      Plaintiff    :
                    :    No. 1:01-CV-0206
    v.    :
                    :    (Judge Kane)
SCOTT BROWN, PAUL EVANKO,    :
BERON F. STEAGER, AND BARRY L.    :
BRINSER, et al.,    :
      Defendants    :

## BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR A NEW TRIAL

## STATEMENT OF THE CASE

This is a civil action for damages brought pursuant to 42 U.S.C. § 1983 by

plaintiff, Randy Yordy, against members of the Pennsylvania State Police. The

named defendants include three state troopers (Brown, Steager and Brinser), and

the Commissioner of the State Police, Col. Paul Evanko.[1]

---

[1]Col. Evanko retired from the State Police on January 21, 2003.

Plaintiff's complaint alleged that he was assaulted by Trooper Brown on February 4, 1999 during the course of a stop of plaintiff's motor vehicle at a location in eastern Dauphin County near Grantville. Plaintiff also alleged he was assaulted by Troopers Brinser and Steager when he was taken into custody later the same evening. Finally, plaintiff alleged that Commissioner Evanko failed to exercise proper control and supervision over Trooper Brown despite, allegedly, knowing that Brown should not have been permitted to continue in police employment. Plaintiff sought compensatory and punitive damages for alleged violations of his rights under the Fourth and Fourteenth Amendments to the Constitution.

Prior to trial, the Court issued two orders on December 31, 2002. (Exhibits A and B of "Exhibits in Support of Defendants' Brief in Opposition to Plaintiff's Motion for a New Trial," submitted under separate cover). In the first order, the Court directed that trial of plaintiff's claims would be bifurcated such that plaintiff's claims against Troopers Brown, Steager and Brinser would be tried first and, if necessary, the trial of plaintiff's claim against Commissioner Evanko would follow. (Exhibit A). In the second order, the Court granted defendants' motion *in limine* insofar as it sought exclusion of "evidence pertaining to disciplinary actions against Defendant Brown and the facts upon which they were based...pursuant to

2

Fed. R. Evid. 404 (b)." The Court also excluded evidence related to disciplinary

actions occurring after the alleged assault on plaintiff on February 4, 1999.

(Exhibit B).

The case was tried to a jury on January 6-8, 2003. Among other witnesses,

plaintiff called defendant Brown as a witness in his case-in-chief on January 6,

2003. (*See* Transcript of Proceedings, January 6, 2003, Exhibit C of Defendants'

Exhibits). Undersigned counsel for defendants conducted a limited cross-

examination of defendant Brown at that time and addressed the defendant as

"Trooper" a total of one (1) time, at the outset of the cross-examination. (Exhibit

C, p. 11, l. 8). At no other time was defendant Brown addressed by defense

counsel as "Trooper."

Plaintiff's counsel did not object to defense counsel's address of defendant

Brown at the time it occurred. Instead, plaintiff's counsel waited until the next

day to advise defense counsel and the Court of his concern and his intent to cross-

examine Brown on his current employment status. (*See* Transcript of Proceedings,

January 7, 2003, Excerpt of In-Chambers Conference, Exhibit D of Defendants'

Exhibits). Because defense counsel had been given no advance warning of

plaintiff's concern until immediately before the in-chambers conference, defense

counsel had no opportunity to confer with anyone at the Pennsylvania State Police,

3

except defendant Brown who was in court, to determine how suspended troopers

may be addressed under State Police regulations. Consequently, all that defense

counsel could advise the Court at the in-chambers conference was Brown's belief

that he was considered a trooper unless or until he had left the service of the State

Police, and counsel so informed the Court. Nonetheless, defense counsel agreed

not to address defendant Brown as "Trooper" for the remainder of the trial and the

transcript of Brown's second testimony on January 7, 2003 confirms that he was

not addressed as "Trooper". (*See* Transcript of Proceedings, January 7, 2003,

Testimony of Scott Brown, Exhibit E of Defendants' Exhibits).

As it turns out, unbeknownst to defendant Brown or his counsel at the time,

Brown had already been approved for retirement from the Commonwealth of

Pennsylvania by letter issued December 31, 2002. (*See* Exhibit F of Defendants'

Exhibits).[2]

Following submission of the case, the jury returned a verdict on January 8,

2003 in favor of defendants Brown, Steager and Brinser. (Docket Entry 73.)

Judgment was entered the same day in favor of all defendants. (Docket Entry 74).

---

[2]Defendants request that the Court take notice of this fact and Exhibit F pursuant to Fed. R. Evid. 201. Apparently because of the intervening New Year's Day holiday and weekend and Brown's presence in Harrisburg for trial in this case on January 6-8, 2003, he did not become aware of the approval of his retirement application until return to his home in Unityville, Pennsylvania after trial.

4

Plaintiff has filed a motion for new trial of his claim against defendant

Brown. This brief and the accompanying set of exhibits are submitted by

defendants in opposition to plaintiff's motion for a new trial.[3]

### QUESTIONS PRESENTED

1.    Whether plaintiff's failure to object contemporaneously with the claimed error by defense counsel operates as a waiver of plaintiff's right to claim error in a post-trial motion?

2.    In the alternative, whether it was not misleading to address a defendant by his title at the time of the events in question because there is no dispute that defendant was a trooper at the time?

3.    In the alternative, whether a single incident of addressing defendant as "trooper" amounts to harmless error, even assuming it is error at all?

4.    Whether the Court properly exercised its discretion under Fed. R. Evid. 404(b) to exclude evidence of disciplinary events unrelated to the facts of plaintiff's claim against defendant Brown?

---

[3]Plaintiff's motion and brief seek relief from the judgment only as to his claim against Brown. There is no argument that the judgment in favor of Steager, Brinser or Evanko should be modified in any respect.

## ARGUMENT

I.    **PLAINTIFF'S FAILURE TO OBJECT CONTEMPORANEOUSLY WITH THE CLAIMED ERROR BY DEFENSE COUNSEL OPERATES AS A WAIVER OF PLAINTIFF'S RIGHT TO CLAIM ERROR IN A POST-TRIAL MOTION.**

Plaintiff's motion for a new trial of his claim against defendant Brown raises two basic issues — the propriety of the Court's decision to exclude evidence of Brown's employment record with the State Police under Rule 404(b) of the Federal Rules of Evidence and the claimed "fraud" upon the Court allegedly committed by undersigned counsel for the defense by addressing defendant Brown on a single occasion as "Trooper".[4]

At the outset, we wish to make it clear that we do not concede that it was inappropriate to address Brown as a trooper, inasmuch as the only issue the jury was required to decide was what occurred on February 4, 1999, when Brown indisputably was a trooper in full-duty status with the Pennsylvania State Police. We address this in the next section of the argument. Nonetheless, by failing to object to defense counsel's one-time address of Brown as "trooper" when it

---

[4]The Rule 404(b) issue, which was briefed by the parties before trial, will be addressed below.

occurred, plaintiff should be deemed to have waived his right to claim error in a post-trial motion.

Rule 103(a)(1) of the Federal Rules of Evidence requires a party to make a timely objection to the introduction of evidence in order to claim error from its introduction. Courts have held that this rule requires a contemporaneous objection in order to preserve a claim of erroneous admission, absent plain error. *See, e.g.,* Faigin v. Kelly, 184 F.3d 67, 83 (1st Cir. 1999); McKnight v Johnson Controls, Inc., 36 F.3d 1396, 1408 (8th Cir. 1994); United States v. Martinez, 775 F.2d 31, 36 (2d Cir. 1985).

In this case, when the claimed error occurred (*see* Exhibit C of Defendants' Exhibits at p. 11), plaintiff did not object or request a ruling by the Court. Instead, he waited until the next day (Exhibit D of Defendants' Exhibits), after Brown had completed his testimony in plaintiff's case, to propose to renew cross-examination of Brown on his current employment status. Plaintiff merely proposed to recall Brown to the stand to delve into his employment status in order to introduce evidence that the Court had precluded by its *in limine* ruling. (Exhibit B). Plaintiff should not be permitted to raise as error something to which he did not object until after the witness on the stand had stepped down. Indeed, if the claimed error was as egregious as plaintiff suggests, one would have thought that it would have

7

elicited an objection and request for sidebar when it occurred, not the next day

after the witness already had testified.  In any event, the claimed error did not

occur again.  Thus, by failing to object contemporaneously with the alleged

evidentiary error, plaintiff should be deemed to have waived a right to claim error

in a post-trial motion.

II.    **IT WAS NOT MISLEADING TO ADDRESS A
        DEFENDANT BY HIS TITLE AT THE TIME
        OF THE EVENTS IN QUESTION BECAUSE
        THERE IS NO DISPUTE THAT DEFENDANT
        WAS A TROOPER AT THE TIME.**

Plaintiff argues in his brief that it was misleading or fraudulent for

defendant Brown to be addressed as "trooper" before the jury.  As the transcript

proves, the address by defense counsel occurred a grand total of one (1) time as a

simple introduction to Brown's cross-examination when he was called as a witness

in plaintiff's case, and it never occurred again.  Regardless, it was not misleading

to address Brown as trooper when it is undisputed that he was a trooper on duty on

February 4, 1999, the date of the events in question.

This is not a case where, for example, Brown referred to himself under oath

as a current member of the State Police in active duty status.  Indeed, Brown was

asked no questions whatsoever about his current employment status because of the

8

Court's pretrial *in limine* ruling and because such evidence would have been irrelevant to the events of February 4, 1999 in any event. All that was material for the jury's consideration in this case was what happened between plaintiff and Brown on February 4, 1999, when Brown undeniably was a trooper on patrol duty in the Grantville area. Whether Brown had resigned, been laid off, been fired or had retired in 2003 — some four years after the events in question — was simply immaterial to the issue that the jury was asked to decide.

Thus, the jury was not misled in any way. The jury knew Brown was a trooper in February 1999 and the only question they were asked to decide was whether, in February 1999, Trooper Brown violated plaintiff's constitutional rights.[5]

As it turns out, however, even by plaintiff's counsel's own acknowledgment, it was not inappropriate for defendant Brown to be addressed as

---

[5]Plaintiff's reliance upon Bethel v McAllister Bros., Inc., 81 F.3d 376 (3rd Cir.1996), is misplaced. There, the Court of Appeals affirmed a trial court's decision to grant a new trial based on the plaintiff's fraud in testifying, but the fraud consisted of "patent inconsistency" between his trial testimony and arbitration testimony, thereby permitting plaintiff to create a material misrepresentation as to the reasons for his discharge by the employer. 81 F.3d at 384-85. The Court found that plaintiff's testimony was so misleading that it stated:

> Clearly, by concealing the actual reasons [the employer] gave him for his discharge, [plaintiff] prevented [defendant] from fully and fairly presenting its defense...

Id. at 385. There is no such fraud in this case. Indeed, plaintiff can demonstrate no inconsistency in Brown's testimony.

9

trooper when he testified because by that time he had been approved for retirement

from state service by the State Employees Retirement System.  (Exhibit F of

Defendants' Exhibits).  In the brief in support of his motion for new trial, plaintiff

states:

> A former officer may, as [counsel] suggested to the court
> in this case, be entitled to the honorific use of his title
> when he testifies about past events.

(Plaintiff's Brief at 8).  Unbeknownst to defendant Brown or his counsel, Brown

already had been approved for retirement when he testified at trial in this case.

Thus, at trial he was a former officer entitled to use of his title irrespective of

whether the one-time address by defense counsel as "trooper" somehow could be

regarded as a misstep on counsel's part.[6]

It was not misleading to address the defendant by his title at the time of the

events in question.  It is undisputed he was a trooper on active duty in February

1999.  Furthermore, plaintiff's argument that the defense somehow misled the

---

[6]We do not concede that it would have been a misstep, much less a misleading of the
Court, by defense counsel to address the defendant as "trooper" even if he had not been approved
for retirement by the time he testified at trial.  A legitimate interpretation of the regulation relied
upon by plaintiff is that a trooper is not to engage in law enforcement activities as a trooper when
he is suspended.  In the absence of case law interpreting the regulation, plaintiff's overly broad
reading of it should be rejected.  Nonetheless, as the facts demonstrate, the Court does not need
to address this contention by plaintiff due to the retirement approval.  We have notified plaintiff's
counsel of Exhibit F and suggested that he should withdraw his "fraud" and "misleading"
arguments.

Court is without merit.  Plaintiff's contention that the address of defendant as

"trooper" by counsel warrants a new trial should be rejected.

> **III.   EVEN ASSUMING IT WAS ERROR AT
> ALL, A SINGLE INCIDENT OF
> ADDRESSING DEFENDANT AS "TROOPER"
> AMOUNTS TO HARMLESS ERROR.**

The reference by defense counsel to Brown as a "trooper," if it was error at

all, was harmless.  An arguably improper remark requires a determination of its

probable effect on the jury in combination with all the evidence presented.  United

States v. Zylstra, 713 F.2d 1332, 1340 (7th Cir. 1983).  As our Court of Appeals

has stated, error is harmless if it is highly probable that the error did not contribute

to the judgment.  Advanced Medical, Inc. v. Arden Medical Sys., Inc., 955 F. 2d

188, 199 (3d Cir. 1992).  Indeed, where claimed error is irrelevant to the issue to

be decided by the jury, the error is harmless as a matter of law.  S&S Services

Corp. v. Rogers, 2003 WL 170037 (3rd Cir., January 27, 2003) (memorandum

opinion).  *See also* GMC v. New A.C. Chevrolet, Inc., 263 F.3d 296, 329 (3rd Cir.

2001)(error is harmless if court is satisfied it did not prejudice a party).

Brown's title and employment status in January 2003 were simply irrelevant

to what occurred in February 1999, when he and plaintiff had their altercation.

The issue to be decided by the jury was whether excessive physical force was used

11

by Brown in February 1999, not what was his employment status in January 2003.

If the defendants had attempted to portray Brown through testimony as a decorated

member of the State Police in good standing when he testified, plaintiff may have

had an argument; however, counsel asked Brown no questions other than what

happened on February 4, 1999. The reference to Brown as "trooper," when he was

a trooper in 1999, had no relevance to the only issue for the jury. Any error in so

addressing him was harmless because it did not affect the only determination the

jury was called upon to make, namely, what happened on February 4, 1999. Thus,

plaintiff was not prejudiced and the Court should reject his contention that a new

trial is required.

> **IV.  THE COURT PROPERLY EXERCISED**
> **ITS DISCRETION UNDER FED. R. EVID. 404 (b)**
> **TO EXCLUDE EVIDENCE OF DISCIPLINARY**
> **EVENTS UNRELATED TO THE FACTS**
> **OF PLAINTIFF'S CLAIM AGAINST**
> **DEFENDANT BROWN.**

The main focus of plaintiff's brief in support of the motion for a new trial is

his renewed contention that the Court erred in granting defendants' motion *in*

*limine* to exclude evidence of disciplinary notations from Trooper Brown's

personnel file. This contention was the subject of pretrial briefing resulting in the

Court's *in limine* order of December 31, 2002. (Exhibit B of Defendants'

12

Exhibits). Plaintiff's brief in support of motion for a new trial presents no new arguments on this issue and, therefore, defendants will not present extensive briefing.[7] Nevertheless, a few points raised by plaintiff warrant a response.

In the first place, it is disingenuous for plaintiff to suggest that he was totally precluded from using events related to Brown's disciplinary history as cross-examination material. The Court specifically permitted plaintiff to cross-examine Brown regarding alleged inconsistent or false statements made by him to internal affairs officers from the State Police. Indeed, on cross-examination Brown acknowledged that he had omitted certain information from a report to an internal affairs investigator for fear of getting into trouble. (Exhibit E, pp. 45-47). Plaintiff thus was permitted to use this information and argue Brown's credibility to the jury, which he did.

Second, the extent to which plaintiff's argument continues to delve into the facts underlying the disciplinary events reinforces the correctness of the Court's decision to exclude the evidence. Rule 404, as interpreted by our Court of Appeals in <u>Becker v. Arco Chemical Co.</u>, 207 F.3d 176 (3d Cir. 2000), requires the Court to apply the Rule 403 balancing test and weigh the probative value of

---

[7]Defendants respectfully refer the Court to their briefs filed September 23, 2002 (Dkt. Entry #31) and November 1, 2002 (Dkt. Entry #39) in opposition to plaintiff's contention that the Court erred in its *in limine* decision.

13

the proffered evidence against its potential for unfair prejudice or confusion. The

fact-driven nature of the underlying incidents demonstrates how they are subject to

different interpretations and would have had to have been explained to the jury for

it to fairly evaluate the context of the incidents in order to avoid the danger of

confusion of the issues. *See* Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-

44 (3rd Cir. 2002) (even where proffered evidence is presumptively probative,

undue delay, waste of time or needless presentation of contrary evidence may

control and render evidence inadmissible).

Third, the argument that the disciplinary events should have been admitted

to demonstrate Brown's "recurring motive to profit financially from his

altercations with members of the public" (Br. at 7) is ludicrous.  It defies

commonsense and is unsupported by plaintiff's proffer to suggest that Brown or

any trooper would deliberately place himself in harm's way, to the point of being

dragged down the highway by a pickup truck, in order to create an "opportunity"

to file a lawsuit against plaintiff.

The court's decision to admit or exclude evidence after making the required

balancing test should not be disturbed unless it is "arbitrary and irrational."

United States v. DePeri, 778 F.2d 963, 973-74 (3d Cir. 1985), *cert denied*, 475

14

U.S. 1110 (1986).  Plaintiff's brief fails to demonstrate anything that approaches

this deferential standard.  His motion for a new trial should be denied.


## CONCLUSION

For the above-stated reasons, plaintiff's motion for a new trial of his claim

against defendant Brown should be denied.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**


By: _____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**


**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA    17120**
**717-787-8106**

**Date:  March 7, 2003**

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY YORDY,                        :
      Plaintiff            :
                  :   No. 1:01-CV-0206
     v.                     :
                  :   (Judge Kane)
SCOTT BROWN, PAUL EVANKO,           :
BERON F. STEAGER, AND BARRY L.      :
BRINSER, et al.,                    :
      Defendants            :

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER**, Senior Deputy Attorney General

for the Commonwealth of Pennsylvania, Office of Attorney General, hereby

certify that on **March 7, 2003**, I caused to be served a true and correct copy of the

foregoing document **Brief in Opposition to Plaintiff's Motion For a New Trial**,

by depositing it in the United States mail, first-class postage prepaid to the

following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown & Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA  17110

                        **GREGORY R. NEUHAUSER**
                        **Senior Deputy Attorney General**