**ORIGINAL**

FILED
HARRISBURG, PA

MAR 19 2003

MARY E. D'ANDREA, CLERK
Per _____

SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.
2080 Linglestown Road
Suite 201
Harrisburg, Pennsylvania  17110-9670
Telephone (717) 540-9170
Fax (717) 540-5481
By:  SPERO T. LAPPAS, Esquire
     Pa. Supreme Court ID no. 25745
     slappas@ssbc-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY, <br>     Plaintiff <br><br> v. <br><br> SCOTT BROWN, PAUL EVANKO, <br> BERON STEAGER, AND BARRY L. <br> BRINSER, et. al., <br>     Defendants | NO.: 1:01-CV-0206 <br><br> CIVIL ACTION LAW <br><br> JUDGE KANE <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS
MOTION AND SUPPLEMENTAL MOTION FOR A NEW TRIAL**

SERRATELLI, SCHIFFMAN BROWN AND CALHOON, P.C.
By:  SPERO T. LAPPAS, Esquire

## ARGUMENT IN REPLY

In opposition to the Plaintiff's argument that defendant Brown should not have been called "Trooper" on January 6 and 7, 2003, the defense submits a letter which -- surprisingly -- confirms that he was not even a state police member after December 31, 2002 (Defendants' Exhibit F). They explain the existence of this document with the startling -- unsworn, unsupported, and unverified -- statement that this retirement had happened "unbeknownst to defendant Brown or his counsel." Defendants' brief at p. 10.

This argument is completely inconsistent with the defense representations to the court at trial. Whereas now the defense claims that the retirement happened "unbeknownst" to them, at trial defense counsel stated that they knew that Brown had "recently been approved for a disability retirement." (Defendants' Exhibit D, page 3.)

Furthermore, the new revelation that Brown was actually retired on December 31, 2002 directly contradicts the representations of the defendant to his counsel, as then passed on to the court, that Brown was entitled to be called Trooper because "he's allowed to call himself Trooper as long as he's a member of the state police no matter what duty status he may be in." Id. We now know, by virtue of state police regulations that that is not true. But moreover, as of early January Brown was not a member of the state police at all. To allow himself to be called "Trooper" and to tell his counsel (and through him, the court) that such a mode of address was proper is

---

SERRATELLI, SCHIFFMAN BROWN AND CALHOON, P.C.
      By:  SPERO T. LAPPAS, Esquire

pure fraud.

The question is not how many times he was called Trooper (as the defendants argue in their Brief): even one time conveys a wrong, false, and unfair impression to the jury. In fact, because the defense had assured the court that it was appropriate to call Brown "Trooper" was appropriate, the court actually reinforced this title by calling him "Trooper" herself. (Defendants' Exhibit E, pp. 64-65)

The defense attempts to avoid the clear effect of this evidence by quoting part od Plaintiff's Brief out of context. The defendants quote the Plaintiff as saying that "A former officer may, as Attorney Neuhauser suggested to the court in this case, be entitled to the honorific use of his former title when he testifies about past events;" but they ignore the rest of the argument:

> "not only was Brown not a "trooper" he was one person who was legally disqualified to use that title. Brown was, in that regard, different than any other former state police officer. . . . He was not a former trooper who may or may not be entitled to the title. He was specifically forbidden, by the state police's own regulations to be called trooper. The form of address which he authorized and accepted was purely fraudulent."

Plaintiff's Brief at page 8. The Plaintiff further noted that "We do not acknowledge that a former officer should ever be called 'trooper.'" Id. Even though retired police officers are sometimes given that courtesy (when there is no objection)[1], in this case

---

[1] On the point of objection, the defense argues that the Plaintiff waived the objection to Brown's title. To the contrary, the Plaintiff sought clarification on the point of Brown's title (and the information received was false: "he [Brown] has told me [defense counsel] that he is allowed to do that" Defense Exhibit

*SERRATELLI, SCHIFFMAN BROWN AND CALHOON, P.C.*
*By: SPERO T. LAPPAS, Esquire*

Brown was not entitled to that title when he retired. The Defendants' argument, that Brown was somehow restored to honor because he was forced to retire in disgrace and amid scandal, is difficult to understand and it must not be accepted.

Finally, the effective date and date of notice of the December 31, 2002 retirement letter has now become a significant issue: and one for which there is no evidence of record. Accordingly, the Plaintiff believes that the court should receive evidence on this issue, and requests that the court convene a hearing and "take additional testimony" pursuant to F.R.C.P. 59(a).

WHEREFORE, the Plaintiff requests that the court order a new trial against the Defendants in his case.

*RESPECTFULLY SUBMITTED,*

*SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.*

By: _____
*SPERO T. LAPPAS, Esquire*
*Pa. Supreme Ct. ID no. 25745*
*2080 Linglestown Road*
*Suite 201*
*Harrisburg, PA  17110-9670*
*(717) 540-9170*
*ATTORNEYS FOR THE PLAINTIFF*

---

D, page 4) and asked for leave to correct the false impression which the defense caused the jury to receive. (Defense Exhibit D, page 1) The court indicated that, on the point of the defendant's "raising a false image to this jury" the plaintiff "may be right." Id.

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below by mailing a copy addressed as follows, postage pre-paid, deposited into the U. S. Mail at Harrisburg, Pennsylvania, or by hand delivery to

Gregory R. Neuhauser, Esquire
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

*RESPECTFULLY SUBMITTED,*

*SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.*

*By: _____*
*SPERO T. LAPPAS, Esquire*
*Pa. Supreme Ct. ID no. 25745*
*2080 Linglestown Road*
*Suite 201*
*Harrisburg, PA 17110-9670*
*(717) 540-9170*
*ATTORNEYS FOR THE PLAINTIFF*

March 19, 2003