IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY YORDY, : | |
| : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 1:CV-01-0206 |
| v. : | |
| : | (Judge Kane) |
| SCOTT BROWN, PAUL EVANKO, : | |
| BERON F. STEAGER AND : | |
| BARRY L. BRINSER, : | |
| : | |
| Defendants : | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff Randy Yordy's motion and supplemental motion for a new trial. (Doc. Nos. 75 & 76). The matter has been fully briefed and is ripe for disposition. For the reasons that follow, the motions will be denied.

**I.   Background**

Plaintiff brought this civil rights action against three Pennsylvania State Troopers, Defendants Scott Brown, Beron Steager, and Barry Brinser; and the former Commissioner of the State Police, Paul Evanko. Plaintiff alleged that Trooper Brown assaulted him during a traffic stop on February 4, 1999, and that Troopers Steager and Brinser also assaulted him later the same day at his home. At trial, Plaintiff argued that this was excessive use of force in violation of his constitutional rights. The case was bifurcated pursuant to Court Order. (Doc. No. 62). The trial on liability and damages as to Defendants Brown, Steager and Brinser was held January 6-8, 2003. The jury returned a verdict for all three Defendants. Accordingly, the case did not proceed against Commissioner Evanko. Prior to trial, this Court issued an order on the parties' motions in

limine, excluding certain testimony relating to Brown's employment and disciplinary record both before and after the incident with Plaintiff. (Doc. No. 63).

## II.    Standard

A motion for a new trial is governed by Federal Rule of Civil Procedure 59(a), which provides in pertinent part:

> A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

Fed. R. Civ. P. 59(a).  A new trial has been granted in this Circuit where: (1) the jury's verdict is against the clear weight of the evidence and a new trial must be granted to prevent a miscarriage of justice, Roebuck v. Drexel Univ., 852 F.2d 715, 717 (3d Cir. 1988); (2) improper conduct by an attorney or the court unfairly influenced the verdict, Fineman v. Armstrong World Indus., Ind., 980 F.2d 171, 207 (3d Cir. 1992); (3) the jury verdict was facially inconsistent, Mosley v. Wilson, 102 F.3d 85, 90 (3d Cir. 1996); or (4) the verdict was so grossly excessive or inadequate "as to shock the judicial conscience," Savarese v. Agriss, 883 F.2d 1194, 1205 (3d Cir.1989).  Whether a new trial is granted is left to the sound discretion of the trial court.  Wagner v. Fair Acres Geriatric Ctr., 49 F.3d 1002, 1017 (3d Cir. 1995).

## III.    Discussion

Plaintiff bases his motion on two main arguments:  first, that this Court erred in excluding evidence of Defendant Brown's disciplinary record with the Pennsylvania State Police ("PSP"); and second, that the allegedly improper reference to Brown as "Trooper" in front of the jury was fraudulent and prejudicial.

A.   **Evidence of Brown's Disciplinary Record**

Plaintiff's first argument challenges the Court's ruling on his motion in limine. In the December 31, 2002 Order, this Court ruled as follows:

> Evidence pertaining to disciplinary actions against Defendant Brown and the facts on which they were based are excluded in the first stage of trial pursuant to Fed. R. Evid. 404(b). Evidence of disciplinary actions against Brown predating Brown's alleged assault on Plaintiff is relevant to the action against Commissioner Evanko and my be admitted during the second stage of the trial. Evidence related to disciplinary actions occurring after the alleged assault on Plaintiff is not relevant and is therefore excluded.

(Doc. No. 63, Order at 6).

Federal Rule of Evidence 404(b) excludes evidence of other crimes, wrongs, or acts in order to show the defendant's propensity to commit the act in question; but permits the introduction of such evidence for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Fed. R. Evid. 404(b). The four-prong test for determining the admissibility of Rule 404 evidence is: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the district court must charge the jury to consider the evidence only for the limited purpose for which it was admitted." Becker v. ARCO Chemical Co., 207 F.3d 176, 189 (3d. Cir. 2000) (internal citations omitted).

Because Defendant Brown filed civil lawsuits against both Yordy and another individual whom Brown assaulted, Plaintiff argued before trial, and argues now, that Brown had a financial motivation to "proifit financially from his altercations with members of the public." (Doc. No. 84 at 7). As this Court ruled before, "Brown's alleged financial motive subsequent to the altercation

3

is not relevant to the issues of the instant case; namely, whether or not Brown violated Plaintiff's civil rights on the date in question. Plaintiff has failed to establish the relevance of the other incidents to any of the issues of the case other than propensity. As a result, the incidents noted in Trooper Brown's employment file cannot be introduced as evidence against him." (Doc. No. 63, Memorandum at 3-4).

As for the admissibility of the evidence against Defendant Evanko, this Court ruled:

> The evidence of prior instances of misconduct contained in Brown's employment file is clearly relevant to the determinations of whether Commissioner Evanko had knowledge of and acquiesced in Trooper Brown's conduct and whether Commissioner Evanko adopted a practice of deliberate indifference to known violations. See, e.g., Beck v. City of Pittsburgh, 89 F.3d 966, 973 (3d. Cir. 1996) (determining that the use of past complaints had evidentiary value for the issue of whether the city and its policymakers had a pattern of approving excessive force). These records are, therefore, relevant and admissible under Rule 401. Evidence of misconduct subsequent to the events giving rise to this lawsuit are not relevant and shall be excluded at trial pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

Id. at 4-5. This Court bifurcated the proceedings in order to eliminate any potential prejudice the evidence would have on the other three Defendants. The evidence Plaintiff claims was wrongfully excluded was never in fact introduced to the jury because the trial against Evanko never commenced. Plaintiff has raised no new reasons why this evidence should have entered the first phase of the trial.

### B.    Reference to Defendant Brown as "Trooper"

The second basis for Plaintiff's motion is the apparently improper reference to Defendant Brown as "Trooper Brown" once by defense counsel at the beginning of his cross examination, and once by the Court in thanking Brown at the close of his second day of testimony. (See Jan. 6, 2003 Trial Transcript at 11, ln. 8; Jan. 7, 2003 Trial Transcript at 65, ln. 1). Plaintiff argues that

Brown was not allowed, under PSP regulations, to be called "Trooper" and his representation otherwise to the Court, through his counsel, was false. Plaintiff further argues that this misrepresentation "unfairly influenced the trial and the jury's deliberative process." (Doc. No. 84 at 9, citing Wharf v. Burlington Northern R. Co., 60 F.3d 631 (9th Cir. 1995)).

Brown was referred to as "Trooper" a total of two times. The first was by his lawyer after Plaintiff's lawyer was finished with direct examination:

> Mr. Lappas: Those are my only questions of the witness at this time.
>
> The Court: All right, thank you. Mr. Neuhauser.
>
> Mr. Neuhauser: Just a few at this time, Your Honor.
>
> Cross Examination by Mr. Neuhauser:
>
> Q: Trooper Brown, when you say you were in fear for your life, can you describe why you felt that at that particular time?
>
> A: Mr. Yordy was in a rage. I couldn't control him. I have never encountered an individual like that before.

(January 6, 2003 Trial Transcript at 11). The second instance was by the Court at the close of Brown's testimony during the presentation of Defendants' case:

> Mr. Lappas: Thank you. I have no further questions of this witness.
>
> The Court: Thank you. Mr. Neuhauser.
>
> Mr. Neuhauser: May I have a moment, Your Honor?
>
> The Court: Please.
>
> (Pause.)
>
> Mr. Neuhauser: I have no redirect, Your Honor.
>
> The Court: All right, thank you. Trooper, thank you. You may step down.

  The Witness:  Thank you.

(January 7, 2003 Trial Transcript at 64-65).

  Even taking the facts as Plaintiff has suggested them to be, that Brown was prohibited from being called Trooper and that his suggestion otherwise was a deliberate and calculated misrepresentation designed to mislead the Court and the Jury, there is no basis for a new trial. Taken in the context which these two minor remarks were made, no reasonable trier of fact could have been influenced or unfairly prejudiced by the references to Brown as a Trooper.  Brown did not refer to himself under oath as a trooper or a current member of the PSP, and it is undisputed that he was in fact a PSP Trooper at the time of the events to which he was testifying.  He was never asked about his current employment status, nor would such inquiries have been relevant to the jury's deliberations.   His employment status at the time of trial was irrelevant to issues before the jury; it would only be prejudicial for them to know that he was later suspended from the police force and was given early retirement.  (See Order on motion in limine, Doc. No. 63).

  Therefore, even assuming the references were in error; the error was harmless since "it is highly probable that the error did not contribute to the judgment" of the jury.  Advanced Medical, Inc. v. Arden Medical Sys., Inc., 955 F.2d 188, 199-200 (3d Cir. 1992) (internal citations omitted) (holding that the case did not meet this "rigorous test").  "Thus, in making this harmless error determination, we must be well-satisfied that the error did not prejudice a party, but we need not disprove every reasonable possibility of prejudice." General Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 329 (3d Cir. 2001).  The potential prejudice argued by Plaintiff is unreasonable and this Court concludes that it is highly likely that the allegedly ambiguous references to Brown as "Trooper" did not contribute to the jury's verdict in favor of him.  The

jury was instructed to weigh the evidence fairly and was given a specific cautionary instruction with respect to law enforcement witnesses, which provided in part: "The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary person." Accordingly, the motion for a new trial will be denied on this basis.

**IV.    ORDER**

Therefore, **IT IS ORDERED THAT** Plaintiff's motion and supplemental motion for a new trial (Doc. Nos. 75 & 76) are **DENIED**.


                                                              S/ Yvette Kane
                                                              Yvette Kane
                                                              United States District Judge

Date: February 25, 2004